Mr. Chief J ustice Sharkey
delivered the opinion of the court.
The plaintiffs brought ejectment for a tract of land in Adams county, being Section No. 75, in Township No. 7, of Range No. 3, west. After closing their proof, the defendant offered in evidence the transcript of a record of a suit which had been instituted and decided on the chancery side of the supreme court of the Mississippi Territory. The bill was filed by Anthony Cavalier, against the widow of Thomas Tyler, and his infant daughters Sally, Polly, and Margaret, the latter being the wife *491 of R. L. Smith, and one of the present plaintiffs, to foreclose a mortgage executed by Tyler in his lifetime, on the tract of land in dispute. Process issued against all of the defendants, which was returned by the sheriff of Adams county, “served.” The widow answered, but 'the infants failed to answer, nor was a pro confesso taken against, them, or guardian ad litem appointed. A decree, foreclosing the equity of redemption, and for the sale of the premises, was rendered, saving the widow’s right to dower. The land was sold, and the defendant claims title under the purchaser. The plaintiffs’ counsel objected to the introduction of this record, and took exceptions, and its admissibility constitutes the ground relied on for reversing the judgment.
Several objections are raised to the record, which, it is insisted, make the decree absolutely void ; and being so* it was not competent as a matter of evidence. These are, that no process was executed on the infants; that a decree was rendered against them, without appointing a guardian ad litem, and that the decree contains no saving in their favor after they should become of age.
Although the process was returned by the sheriff “served,” yet it is contended that it was not directed to- him, nor was it part of his official duty to execute chancery process. It is further insisted, that service on infants must be personal, and must appear so to have been made.
Under the statute law, as it at present stands, all process emanating from the superior court of chancery, is directed to the sheriff, and it is part of his official duty to execute and return it. H. & H. Dig. 508, sec. 19. But it is said this law was passed in 1822, prior to which there-was no statutory provision, and consequently that chancery process was served according to the English practice, according to which this service was insufficient. It is undoubtedly true, that if the court had not jurisdiction of the persons, as well as the subject-matter of the suit, the decree was void and improperly admitted; but if the decree was only erroneous, it cannot be collaterally questioned ; it is binding so long as it remains unreversed. The *492 sufficiency of the service is consequently an important question, as the subject-matter was evidently within the jurisdiction of the court.
Although the English practice in regard to the service of process has been examined with some care, yet we think the question rests upon a foundation less doubtful, and therefore prefer to place it on that alone. By the law of the territory, chancery jurisdiction was conferred on the supreme court, as there was not then a separate court of chancery. This was a court of general jurisdiction, and the sheriff was its officer. He was bound expressly by law to execute all its process. Toulman’s Dig. 219. This was the law as it stood during the pendency of the chancery suit. By all process we must understand every description of process which the court might issue in the exercise of its common law jurisdiction, or its chancery powers. This process emanated from that court, and it was served by the sheriff, who was its officer. Although not specially directed to him in the body of the process, yet the law directed it to him by general provision.. It is not the mere direction of process to the sheriff which gives him power to act; he derives his power from the law, and must act in accordance with its mandate. Being his duty to return process, his returns are to be regarded as made under oath, and are sufficient to justify the court in proceeding to judgment. Whenever service is required to be made in a particular way, if the manner of service is attempted to be set out, it must show that the directions of the law have been complied with. But if a sheriff make his return general, “executed,” or “served,” a. legal service is understood; that is, that it has been served according to law. This is according to the course of the recent decisions of this court; and we see no reason why the same rule should not be applied to the returns made at an earlier day in our judicial history. By this rule we must hold this return to be sufficient. But if it were even a defective return only, that would be a question of error or no error. •
But it is insisted that, for the other objections pointed out, the decree was void. In decrees against infants it is usual, and *493 indeed generally necessary, that a day should be given after coming of age, to show cause against it. 2 Peere Williams, 120; 1 Ibid. 504; 2 Vesey, 484. But how can an infant avoid a decree after coming of age 1 Only by showing errors in the decree. He cannot reinvestigate the subject-matter of the suit, nor can he redeem mortgaged premises which have been sold. Matlock v. Gatton, 3 Peere Williams. -But a decree for the sale of mortgaged premises, instead of a technical foreclosure, is binding on an infant, although no day be given. 2 Vernon, 429. This was a decree of that kind; it was a decree for the sale of the premises on failure to pay the money. If such decrees be binding on infants, it is clear that the failure to appoint a guardian ad litem, and the omission to take a pro confesso, are not such irregularities as will make the decree void. For these errors the decree probably might have been reversed, but that is not now the question. The decree being then, at most, irregular, the transcript of the record was properly admitted, and the judgment must therefore be affirmed.