Campbell et al. *v.* Hays, Admr.

———————

J. J. CAMPBELL *et al. v.* D. A. HAYS, Admr.

1. PROCESS: DEFECTIVE RETURN UPON, DOES NOT RENDER JUDGMENT VOID.—A judgment by default, or a decree *pro confesso*, rendered on a return of the service of the process not made in the formal manner required by the statute, is not void, and cannot, therefore, be collaterally impeached. 6 S. & M. 492.

2. SAME : SAME : CASE IN JUDGMENT.—To an action on a note given for the purchase of slaves, sold by an administrator for the purpose of division, the defendant pleaded that the order of sale was void, because the citations as to some of the heirs were returned "executed." Held—That the defective return of the service of the process was a question of error or no error, and that the order of sale was valid and binding when collaterally called in question.

ERROR to the Circuit Court of Choctaw county. Hon. Wm. Cothran, judge.

*Harrison* and *Crusoe*, for plaintiffs in error, contended that the sale was absolutely void; that the excuse for the failure to return was sufficient, and that it was contrary to the public policy of the State and of the United States to enforce any contract growing out of the right to hold slaves.

*W. T. Brantley*, for defendants in error, contended that the defective return of the service of the citations did not render the sale void, and that the same could not be collaterally impeached. *Porter* v. *Robinson*, 3 Marshall R. 253–4 ; *Voorhies* v. *Bank of United States*, 10 Peters' R. 449, 469, and 473 ; *Toulmin* v. *Thompson*, 2 Peters' R. 163, 168 ; *Smith* v. *Bradley*, 6 S. & M. 485.

That the excuse for the failure to return the property was

not sufficient. 26 Miss. R. 134; 27 ib. 852; 32 ib. 104; 32 ib. 348.

ELLETT, J., delivered the opinion of the court.

This suit was on a note given for the price of negroes sold at administrator's sale, under an order of the court for equal division among the heirs. The plea alleges that the order of sale was void, being made without proper service of process on the distributees. The returns made on the citations are copied in the plea, from which it appears that one was returned, "executed by personal service on all but Mary J. Middleton, and by copy on her;" and that the other was returned "executed."

It it also said there was no service on the fathers of two who are said to have been minors, having no guardians, and it is hence insisted that the order of sale was void; and the plea states that the defendants had no knowledge of the defect of title until after the emancipation of the slaves.

If the order of sale in this case was void, the case would be precisely like that of *Ware* v. *Haughton & McNairy*, executors, &c., just decided. But we think it proper to say that we have not held that judgments and decrees are absolutely void, and may be collaterally impeached, merely on the ground that the return of the service of process is not made in the formal manner prescribed by the statute. On the contrary, we are of opinion, that where a judgment by default is taken upon a return, which purports to show that the process has been actually executed, such judgment is valid and binding whenever it comes collaterally in question; although the defendant might reverse it upon a writ of error, on the ground of the insufficiency of the return. As was said in *Smith* v. *Bradley et al.*, 6 S. and M. 492. "But if it were even a defective return only, that would be a question of error or no error."

In the present case, the decree of sale made by the Probate Court, founded on a defective return of process, was not void, and cannot be called in question collaterally. The parties interested have not complained of the insufficiency of the return, by

a direct proceeding to reverse it, and it must therefore be regarded as a valid order of sale.

The question of enforcing contracts in regard to slaves, entered into before their emancipation, has been considered in other cases.

The judgment will be affirmed.