## HAKES v. SHUPE *et al.*

1. Service and return: DEFECTIVE RETURN. A return of service of an original notice should state the *time* as well as the manner and place of service.

2. Jurisdiction: WHEN NOT PRESUMED. Upon appeal, the jurisdiction of the court rendering the judgment appealed from will not, when denied, be presumed, but must be shown affirmatively. Where jurisdiction depends upon the process, a strict observance of the statute is required.

3. —— SERVICE WITHOUT THE STATE: JUDGMENTS. No personal judgment can properly be rendered against a defendant who is served with notice outside of the State.

4. Default: WHEN SET ASIDE. *Held*, in the present case, that, in view of the affidavit and answer, the character of defense, amount involved, etc., the default should have been set aside.

*Appeal from General Term, Second District, Appanoose.*

### WEDNESDAY, OCTOBER 6.

ACTION in the District Court of Appanoose county to foreclose a mortgage given by the defendants to one Doras Healey to secure the payment of five promissory notes executed by the defendant J. S. Shupe to said Healey, amounting to about six thousand dollars. The notes (as they appear) were indorsed, and the mortgage assigned to plaintiff before the maturity of any of the notes. The original notice in the case was in the usual form, and for the March term commencing on the first day of March, 1869, and the return of service thereon was as follows: " I served the within notice on J. S. Shupe and Rhoda Shupe, the defendants therein named by reading, &c. * * * * said service was made at Bellaire, Ohio, in said Belmont county," signed " Sam'l B. Piper, sheriff, Belmont county, Ohio," and also duly verified. The officer's certificate to the jurat shows that the return was " sworn

to before me this 21st day of December, 1868, in St. Clairsville in said county," etc.   The clerk of the District Court of Appanoose county certifies in the transcript that " the first line and part of the second of the sheriff's return was torn off by some person during the March term, 1869, of the District Court."

On the second day of the March term the defendants were duly called, and failing to appear, a default was entered against them and judgment rendered for the amount of the notes sued on, a foreclosure of the mortgage ordered, and a general execution for any balance remaining unpaid after the sale of the mortgaged property.   On the seventh day of the term the defendants appeared by their attorneys, and moved to set aside the default and judgment, because the same were rendered on an insufficient service and for reasons set forth in an affidavit filed with the motion.   The affidavit showed that the attorneys had just received a letter from defendant, mailed Feb. 27th, which had been delayed by the mails, requesting them to defend and stating the defense, and also stating that he had been misled as to time of court, etc.   An answer showing a good defense was filed. The District Court overruled the motion.   The defendants appealed to the General Term, where the judgment was reversed, and from which the plaintiff appeals to this court.

*Wm. P. Hammond* and *Perry & Townsend* for the appellant.

*Harris & Drake* for the appellees.

COLE, J. — The return of service in this case stated all that the statute requires, except the *time* of service.

1. SERVICE AND RETURN: defective return.   Our statute says, " Rev. Sec. 2817 : If served personally, the return must state the time

and manner and place of making the service, and that a copy was ·delivered to defendant, or offered to be delivered, etc. &ast;&ast;&ast;&ast; "

This return then was defective in that it failed to state one of the three facts which the statute says it "*must* state," to wit: the time of service. This court has heretofore held that " the only safe rule in cases where jurisdiction depends upon the process is to require a strict observance of the statute." *Farris* v. *Powell et al.*, 10 Iowa, 553; *Hodges* v. *Brett*, 4 G. Greene, 345. And there are many cases showing the application of this rule. See *Diltz* v. *Chambers*, 2 G. Greene, 479; *Pilkey* v. *Gleason*, 1 Iowa, 85; *Woodward* v. *Whitescarver*, 6 id. 1; *Hodges* v. *Hodges*, id. 78; *Harmon* v. *Lee*, id. 171; *Park* v. *Long et al.*, 7 id. 434; *Bain* v. *Galyear*, 10 id. 585; *Hynek* v. *Englest*, 11 id. 210; *Lyon* v. *Thompson*, 12 id. 183, and cases there cited; and many other cases might be referred to in our own court.

But it is said that the certificate of the clerk shows that part of the return, " the first line and part of the

2. JURISDICTION: second, was torn off" after it came to the when not presumed. court, and that we should presume from this that the return as made was in strict compliance with the statute. It was said by this court in *Diltz* v. *Chambers, supra*, that " the return of the officer should ·show a strict compliance with the law, *as nothing will be presumed in its favor*, when it appears that the requirements of the statute have not been observed." Upon appeal, as in this case, the jurisdiction of the court rendering the judgment appealed from, when denied, must be shown affirmatively, it cannot be presumed; but when collaterally attacked the jurisdiction will be presumed.

It is further urged by appellant's counsel, that since the return was sworn to on the 21st day of December, preceding the March term of court, it is certain that the

service was made a greater length of time before the term of court than required by statute (§ 2815), and hence the object of the statute in requiring the *time* of service to be stated in the return is fully met. To this it may be answered that the service, for aught that appears, was on Sunday, and void under our statute (§ 2820). The object of the statute is not only to insure service of notice the requisite length of time before court, but is also to show the service to have been made on a proper day, or at a legal and proper time.

Another objection to the judgment is, that it is personal against the defendants, and not simply *in rem* —

**3. —— service: without the State: judgment.** against the mortgaged property. Where the defendants are served without the State, no personal judgment can properly be rendered against them. *Darrance* v. *Preston*, 18 Iowa, 397.

Aside from these objections to the jurisdiction, it seems to us, that upon the showing made in the affidavit and

**4. —— default, when set aside.** answers, especially in view of the amount involved, the character of the defense, and the promptness with which the motion was made, etc., the District Court should have set aside the default and permitted the defense.

The judgment of the General Term is therefore

Affirmed.