## W. A. BACON et ux. *v.* S. BEVAN & Co.

1. RETURN OF PROCESS.—The court will not indulge in nice criticism of the words, used by a sheriff in describing his acts. If it can be fairly inferred from the return that he met the requirements of the law, it will be sufficient.

2. WRITTEN ACKNOWLEDGEMENT OF SERVICE—MUST BE PROVED.—A written acknowledgement of service of process on the writ, and signed by the party, will not be sufficient without proof of the signature of the party.

3. DEFECTIVE SERVICE—IRREGULAR JUDGMENT.—Where there has been good service

as to one of two joint defendants, and an insufficient service as to the other, a joint judgment against both is erroneous.

4. Husband and wife—Joint judgment—Erroneous.—Where the husband is sued jointly with the wife, on a note executed by her alone, there is no liability on his part, and he is joined for conformity only. However regular the service of process in such case, judgment *quod recuperet* cannot be rendered against him.

Error to the circuit court of Lee county. Lovering, J.

The plaintiffs in error assigned the following errors:

1st. Said circuit court rendered judgment by default against said defendant without service of process, and against W. A. Bacon, without proof of acknowledgement endorsed on said process.

2d. Judgment by default was rendered against H. T. A. Bacon, at the return term of the process, without personal service.

3d. The record shows said H. T. A. Bacon was a married woman, the alleged maker of the note, and there are no averments to show she was liable thereon; judgment is therefore erroneous.

4th. The suit is against husband and wife, upon a note alleged to be made by the wife alone, and no liability of the husband being alleged, it was error to render judgment against him.

5th. There was no sufficient service on either defendants, and judgment by default was error.

*Barton & Gholson* and *Boone & Nabors*, for the plaintiff in error,

In support of the first assignment of error, cited the following authorities: 1 How., 106; Harvie v. Bestic, 5 How., 295; Davis v. Jordan, How., 43; Bozman et al. v. Brower, 6 How. In support of the second assignment, Rev. Code, 503, art. 150. 2d cause, Bozman et al. v. Brower, 6 How. 43.

*Geo. L. Potter*, on same side,

In addition to the above brief of counsel, contended that it was error to take judgment against the husband, not only because of want of service, but because there was no liability shown against him. He was no party to the note, and

there is nothing to show that even the wife was liable upon it. The return of service on Mrs. Bacon was insufficient. The statute requires personal service on the defendant, "if to be found." Rev. Code, 489, art. 64. If he cannot be found upon due inquiry being made, then service by leaving a copy is substituted. The return must be that "he cannot be found," not that "he is not found." The former expression implies much more than the latter; it implies that efforts had been made to find him, while the latter, implies no such thing, and does not indicate those acts that amount even to a substantial compliance with the spirit and meaning of the act.

No counsel appeared for defendant in error.

SIMRALL, J. :

The points for decision in this case are, 1st. As to the sufficiency of the service of the writ upon W. T. A. Bacon; 2d. Could any judgment be rendered against him; 3d. Was the service good as to Mrs. H. T. A. Bacon, and could the plaintiff, if the service was proper, take judgment against her by default, she being a married woman.

We think the return of the sheriff as to the manner he executed the summons on Mrs. Bacon discloses a substantial compliance with the statute. We are not inclined to indulge nice criticisms of the words used by the sheriff in describing the act done. If it can fairly be inferred from his return that he met the requirements of the law it will suffice.

In Harris v. Bestic, 1 How., 106, the defendant subscribed his name to a written acknowledgement of service on the writ. This was not sufficient without proof of the signature of the party. Such written acknowledgement can be little, if any better, than his verbal admission, and would have to be proved in the same way.

In Davis v. Jordan, 5 How., 255, the indorsement on the writ was, "service acknowledged," which was signed by defendants, which was not good without proof of the acknowledgement.

The service made on the defendant, W. A. Bacon, was a

written acknowledgment signed by himself. Judgment by default final was rendered against both defendants without proof of the acknowledgment of service as to W. A. Bacon, which brings this case precisely within those quoted.. In Bozman et al. v. Brown, 6 How., 45, where there was no service as to two defendants, and they were included in the judgment against those who were served, it was held to be error.

For another reason this judgment is fatally defective. The declaration discloses no cause of action against W. A. Bacon. The suit is by the payees against the maker of the note. The note is averred to have been made by H. T. A. Bacon, wife of the said W. A. Bacon. The husband was a proper party for conformity to enable his wife and aid her in the defense. But there was no liability on him for the debt. However regular the service might have been, judgment *quod recuperet* could not go against him. It is suggested by counsel for plaintiffs in error that recovery cannot be had on the note against the wife. That may or may not be so, according as the transactions may have been, which gave origin to the note. The wife, on return of the case into the circuit court, may plead her coverture (if so advised), which plea may be avoided (if the facts will warrant) by replication. In this mode, according to a case recently decided by us, in conformity to a prior adjudication, the whole merits may be opened up.

Judgment reversed and cause remanded.