## W. H. STAMPLEY VS. CLARA A. KING et al.

PROBATE COURT: *Sale of real estate. Notice.*

Where a guardian petitioned to sell real estate belonging to the ward, under the Code of 1857, art. CLI, p. 463, the court shall appoint a day for the hearing of the petition, and shall order a summons to issue for the coheirs, and also for at least three of the nearest relatives of the minors, if there be any in the state. Where the service of the summons is defective merely, it could not be impeached collaterally, but would be

good so long as the decree remained unreversed. But where the record does not show an order of that court directing three of the "nearest relatives" of the minors to be summoned: *Held*, that the proceeding is purely statutory, and must be conducted in accordance with the directions of the statute, in order to bind the wards by the decree, and the jurisdictional facts must appear affirmatively on the record.

APPEAL from the Chancery Court of *Franklin* County.

Hon. J. M. ELLIS, Chancellor.

The facts in the case are sufficiently stated in the opinion of the court.

*J. F. Sessions*, for appellant.

*H. Cassidy*, for appellee.

[Reporters find no briefs on file.]


SIMRALL, J., delivered the opinion of the court.

After the cause was ready for final hearing, on the original bill, answer and cross-bill, and answer thereto, the exhibits and testimony, the parties came to an agreement to submit the entire matters in controversy to the decision of the chancellor, on the merits, waiving all forms and technicalities; but subject to an appeal at the instance of either party. We interpret the agreement to mean that the decree of the chancellor should be subject to review, in all respects affecting the substantive rights of the parties brought into the litigation.

Mrs. King, then the widow of Lazarus, obtained the license of the probate court to sell certain real estate which had descended from her deceased husband to his two infant children, her wards. At the sale, which was made in 1863, on a credit of one and two years, Mrs. Maria Wentworth bid off the land at $1,500, and executed two notes therefor. She assigned her bid, or permitted Stampley to take her place. The guardian made the deed to Stampley; he did not execute notes to Mrs. Lazarus. During the war, however, he tendered to Mrs. Lazarus $1,500 in confederate money, which she declined to take. Afterwards, he paid it to Mrs. Wentworth.

Mrs. King insists that the sale made by her as guardian is invalid, or if it passed the title, then she has a statutory mortgage for the money. Stampley claims that his title is good; that he was fraudulently and forcibly deprived by Mrs. King of the possession; and that his payment to Mrs. Wentworth discharged any debt he may have owed respecting the land.

The objection taken to the probate sale is that it is void for want of service, as prescribed by the statute. Art. CLI, Code of 1857, p. 463, directs the mode of procedure: The court shall appoint a day for hearing the petition, and shall order a summons to issue for the coheirs, and also for at least three of the nearest relatives of the minor, if there be any in the state. The return on the summons is " duly executed by leaving a copy at the residence or in the hands of Mrs. Seale, a white person over the age of sixteen years." The decree of sale recited that the case came on for hearing pursuant to citation ordered to be issued. If the service were defective merely, it would not be impeached collaterally, but would stand good so long as the decree is unreversed. But the record from the probate court does not show an order of that court directing three of the " nearest relatives" of the minors to be summoned; nor does it show that such relatives were actually summoned.

The statute does not require service on the wards. Generally, in probate suits, where minors are defendants, the guardian must be summoned, if there be one, as in applications to sell land for payment of debts. But where the guardian moves as plaintiff to sell their real estate, we must observe in what mode jurisdiction is acquired over the subject. Such a suit is purely statutory, and must be conducted in accordance with its directions. In order to bind the wards by the decree, it must be shown that the three nearest relatives were summoned, or it must be shown there were none in the state. This is a jurisdictional fact. The recital in the decree, that all persons interested were cited to appear, does not overcome the writ itself and return upon it. In such case, it would recite an erroneous deduction from other parts of the record.

Pouns *v.* Gartman & Pendleton, 29 Miss., 133 ; Dogan *v.* Brown, 44 id., 242 ; Hanks *v.* Neal, id., 225.    We think that this is not an instance of the defective service of process, as in Campbell *v.* Hays, 41 Miss., 561 ; but an entire absence of summons to parties who are required to be notified, and therefore the decree is void.    Root *v.* McFerrin, 37 Miss., 45, 47, where all the cases are collected and cited.

Entertaining this opinion in regard to the sale of the land, it is unnecessary to consider the question of the statutory mortgage. If the confederate money paid to Mrs. Wentworth by Stampley had been received by the guardian, and actually expended by her for the maintenance of her wards, under the supervision of the probate court, the value of that currency might be a claim against Mrs. King as guardian, subject to be rebated by the rents and profits of the land.    But Stampley does not pretend that the money was paid to Mrs. Wentworth with the consent or at the instance of Mrs. King.    It in nowise benefited the minors.

Although Mrs. King obtained possession of the land by unlawful means, and might have been ejected in a suit of forcible entry and detainer, that matter under agreement becomes a subordinate branch of the litigation.    For upon the intrinsic merits, if Stampley did not acquire title by his purchase, it would be utterly profitless to him to award a new trial in the suit before the justice, for if he recovered possession, he would be immediately turned out by an ejectment.

We think that substantial justice has been done by the decree, therefore it is affirmed.