### WILSON & Co. v. CALL ET AL.

1. **Service: RETURN: CERTAINTY IN NAME.** A return upon an original notice reciting that it was served upon C. "by copy left at his usual place of residence with Mrs. C." was held to be in compliance with the statute.

2. ———: ———: **PLACE OF SERVICE.** The absence of a recital in the return of the place where service is made is cured by a statement after the signature of the officer of the place of service.

3. ———: ———. The return need not specify that the defendant *could not* be found in the county to justify substituted service.

4. ———: **JUDGMENT: COLLATERAL ATTACK.** While the return should specify the date when service is made, yet a failure to incorporate the date will not render the judgment liable to collateral attack.

*Appeal from Kossuth District Court.*

FRIDAY, OCTOBER 25.

ON the 8th day of October, 1873, a judgment by default was rendered in favor of plaintiffs against Jonas P. Colby, James Cornwall and Asa C. Call, surety, for two hundred dollars. The return of service upon Call is as follows:

"*State of Iowa, Kossuth County—ss.:*

"The within notice came into my hands for service on the 24th day of September, 1873, and was by me served on Asa C. Call, by copy left at his usual place of residence with Mrs. Call, she being a member of the family, and over fourteen years of age, the said Asa C. Call not being by me found in the county.

"J. M. PINKERTON, Sheriff.

"By J. M. TAYLOR, Deputy.

"Served in the village of Algona, Kossuth county, Iowa."

The judgment contains the following recital: "This day came the plaintiffs, by Charles Berge, their attorney; and the said defendant, although having had due and legal per-

sonal service of the original notice herein, as required by law, and being three times solemnly called in open court, came not, but made default herein." On the 14th day of September, 1877, the defendant Call filed in said court a motion to set aside and vacate the judgment upon the following, among other grounds: "That the pretended return of the officer on the original notice in said cause failed to state: *a.* The *name* of the person with whom copy was left. ·*b.* It does not state at whose house copy was left. *c.* It does not state the *town* in which the house was situated. *d.* It does not state that the Mrs. Call therein named was a member of Asa C. Call's family, and there were at the time other persons called 'Mrs. Call' in Kossuth county and in Algona. *e.* It does not state the date on which the pretended service was made."

The court overruled the motion. The defendant Call appeals.

*Geo. E. Clarke,* for appellant.

*Pitt Cravath,* for appellees.

DAY, J.—I. It is claimed that the return fails to state the name of the person with whom copy was left; that the desig-

1. SERVICE: return: certainty in name.

nation, *Mrs Call,* does not comply with the statute with the degree of certainty required in this class of service. This position is not tenable. In support of our conclusion, though not entirely decisive of it, see *Davis v. Burt,* 7 Iowa, 56.

II. It is urged that the return does not state the *town* where service was made. It is urged that what appears beneath

2. ——: ——: place of service.

the signature of the officer making service cannot be regarded as a part of the return. In this position we do not concur. The return shows that service was made in the village of Algona, Kossuth county. As to place of service it is sufficient.

III. It is insisted that the return does not state that the Mrs. Call therein referred to was a member of the defendant

Asa C. Call's family. The return states the notice was served on "Asa C. Call, by copy left at his usual place of residence, with Mrs. Call, she being a member of the family." This can mean nothing further than that Mrs. Call was a member of the family which resided at the usual place of residence of the defendant, and this is equivalent to being a member of defendant's family. This is the meaning which it conveys to the ordinary understanding.

IV. It is objected that the return does not state that the defendant *could not* be found in the county. The statute does not require this statement. It authorizes service upon a member of the family of defendant "if not found in the county of his residence." Section 2603.

3. ——: ——:

V. The point mainly relied upon is that the return does not state the date on which the service was made. In *Hakes v. Shupe*, 27 Iowa, 465, it was held that the return was defective in that it did not state the time of service. But in that case the motion to set aside the default was made at the term at which the judgment was rendered, and only five days thereafter. The case was treated as presenting the validity of the judgment upon appeal, and not under collateral attack. The court say: "Upon appeal, as in this case, the jurisdiction of the court rendering the judgment appealed from, when denied, must be shown affirmatively; it cannot be presumed, but when collaterally attacked the jurisdiction will be presumed." In this case the motion to set aside the default was not made till nearly four years after the judgment was rendered. The attack upon the judgment is not direct, as by appeal, but in the nature of a collateral attack. The court rendering the judgment passed upon the return and found it sufficient. The case is not one of no service, but, at the most, one of defective or insufficient service. The decision of the court that the service was sufficient may have been erroneous and subject to reversal upon appeal. But the judgment was not rendered without notice, and is not

4. ——: judgment: collateral attack.

subject to be assailed collaterally as a void judgment. The case falls within the principle of *Ballinger v. Tarbell*, 16 Iowa, 491, and *Shea v. Quintin*, 30 Id., 58.

AFFIRMED.