Mary A. B. Rigby and Husband v. Mary L. Lefevre et al.

1. Ejectment. *Title through decree in chancery. Service on minors. Sheriff's return.*
　Upon a bill in chancery filed in 1859 against N., as administrator, F., the widow of G., deceased, and the minor heirs of the decedent, to foreclose a mortgage

on certain land belonging to G.'s estate, a subpœna was issued commanding the sheriff to summon all of the defendants, naming each of them. The sheriff returned the writ with an indorsement thereon in these words: "Executed, and copies of the within writ delivered to N. and F." A guardian *ad litem* was appointed for the minors, and he filed a formal answer for them. A decree was rendered for the sale of the land, and it was sold thereunder, and bought by R. Many years after the sale, the heirs of G., who were the minor defendants to the foreclosure suit, brought an action of ejectment to recover the land, on the ground that, under the Code of 1857, the decree of sale was not valid as to them, because the return on the subpœna did not show any service upon them. In the trial of the action of ejectment, the court excluded from the evidence the record in the chancery suit, offered by the defendant. Art. 64, p. 489, of the Code of 1857 required that "original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him;" if not found, another mode of service was provided. And as to an infant defendant, it was provided that the service should be personal on him, and on his father, mother, or guardian, if he have any in the State. *Held*, that the fair and reasonable construction of the return on the subpœna is that the writ was "executed" as to all of the defendants therein named, except that copies were given only to N. and F., the language following the word "executed" being in addition to, rather than descriptive or restrictive of its meaning.

2. SAME. *Decree based on irregular return of service. Effect thereof.*
The return of service above construed, though irregular, was sufficient to show an effort on the part of the sheriff to execute the subpœna on all of the defendants named in it; and the decree based thereon, though voidable on appeal, cannot be avoided in a collateral proceeding.

3. CHANCERY. *Decree. Whether obtained by consent.*
A decree which recites that it is agreed between the parties that execution thereof shall be suspended for a certain number of years if the defendants will, during that time, annually pay the interest on the debt, cannot be held to have been obtained by consent, as the agreement only has reference to its execution.

ERROR to the Circuit Court of Warren County.

Hon. U. M. YOUNG, Judge.

The case is stated in the opinion of the court.

*Nugent & McWillie*, for the plaintiffs in error.

The question at the root of the controversy is, did the court below properly interpret the return on the subpœna in the foreclosure suit? The sheriff, by the writ, was required to summon the defendants to be and appear, and he returns that he has "executed" the process. Clearly, no other meaning can be attached to this word than that he has in fact personally sum-

moned all the defendants to be and appear as he was commanded, for in no other way could he have performed the office devolved upon him.    The return shows not only that this was done, but, in addition to it, that he had delivered copies of the writ to the administrator and widow of Hal W. Green, deceased.    The words are, " Executed, and copies delivered," etc.    We think that, in this collateral proceeding, no other meaning can be given to the words employed by the officer. Certainly we are bound to give some effect to the declaration that the process has been executed.    See 30 Miss. 440 ; 13 Smed. & M. 373; 5 Smed. & M. 470 ; 38 Miss. 48 ; 32 Miss. 268 ; 44 Miss. 293 ; 6 Smed. & M. 485 ; 5 How. 661.    But we think the question presented was decided in *Cocks* v. *Simmons*, 57 Miss. 183.

*M. Marshall*, for the defendants in error.

• The record could not show a transfer of the legal title of defendants in error, as was properly decided, because it shows on its face that the decree was a *consent decree* (by consent of the administrator and widow), without notice to the minor heirs of Hal W. Green, then defendants.

Even if the return could be taken to mean what counsel for appellants say it does, it still would be bad, because the Code of 1857 (p. 489, art. 64) prescribed how the service should be made ; and art. 63 (same page) requires the officer to show by his return how he executed the writ.    *Merritt* v. *White*, 37 Miss. 438.    Prior to the Code of 1857 this requirement did not exist, and hence the previous decisions cited have no ap plication to this case.    But the return does not purport to show that the writ was " executed " on all the defendants.    The word " executed" does not show personal service : the return must go further, and show that a copy was delivered ; and when this return goes to show to whom the copies were delivered, it shows that they were delivered only " to James C. Newman, administrator, and Fanny C. Green."

In a collateral proceeding, the question whether the court obtained jurisdiction over the person must be determined by

an inspection of the record. *Erwin* v. *Carson*, 54 Miss. 284 ; Rorer on Jud. Sales, sect. 483 ; Freem. on Judg., sect. 124.

COOPER, J., delivered the opinion of the court.

This is an action of ejectment brought by the appellees to recover possession of certain lands which had descended to them from their father, Hal W. Green, who died in the year 1858. The lands had descended to Hal W. Green from his mother, encumbered by a mortgage executed by her to secure a debt to Thomas Rigby, the husband of one of the apppel-lants. On the thirty-first day of May, 1859, Thomas Rigby filed his bill in the Chancery Court of Warren County against James C. Newman, administrator of Hal W. Green, Fanny C. Green, widow, and the appellees, the heirs-at-law of Hal W. Green, for the purpose of subjecting the lands to sale for the payment of his mortgage debt. A subpœna was issued direct-ing the sheriff to summon the defendants, which was returned indorsed by the sheriff as follows : " Executed, and copies of the within writ delivered to James C. Newman, administrator, and Fanny C. Green." A guardian *ad litem* was appointed for the appellees, who were minors, and a decree was rendered on the twenty-first day of January, 1860, directing the land to be sold for the payment of the debt due Rigby, in which decree it was recited that an agreement had been made between the mortgagee, Rigby, and the administrator and widow of Green, that the execution of the decree should be suspended for three years if the administrator should annually pay to the mort-gagee interest on the mortgage debt at ten per cent per an-num ; and it was directed to be so suspended if the interest was so paid. After the expiration of the three years, and while appellees were yet minors, a sale of the land was made under the decree, at which sale Mrs. Rigby became the pur-chaser.

On the trial of this suit the appellees (plaintiffs in ejectment) proved title in their father and their heirship, and rested. The appellants then offered in evidence the record of the proceed-

ings in the Chancery Court, the sale of the land thereunder, and the conveyance of the commissioner to Mrs. Rigby, all of which, on objection by appellees, was excluded by the court. From a judgment in favor of plaintiffs in ejectment this appeal is prosecuted, and the action of the court below in excluding the evidence is assigned for error.

Appellees contend that there is no error in the action of the court below; that the decree was not valid as to them, because the return of the sheriff fails to show any service of process on them, and also because the decree was rendered by consent of the administrator and widow of their father.

If the sheriff had returned the writ with only the word "executed" indorsed thereon, it would have been impossible to say that it referred to one or more of the defendants, less than all. If, on the other hand, he had returned that he had executed the process by delivering copies of the same to the administrator and widow, a failure to serve upon the infant defendants would be apparent. The return as made does not show with certainity how and on whom the process was served, but we think by fair and reasonable construction it includes service on the infants as well as on the administrator and widow. The statute (Code 1857, p. 489) required service to be made personally on the defendant, and a copy of the writ to be delivered to him. The delivery of the copy is something in addition to the personal service, by reading or exhibiting the original process to the defendant. The return in this case is not necessarily descriptive of all that the officer did, but may, and, we think, ought to be construed as showing a delivery of copies of the writ to two of the defendants, in addition to the "execution" of the process on each one of them named in it.

A writ commanding the officer to summon six persons cannot be said to be "executed" by service only on two. We are of opinion that the more reasonable and obvious construction of this return is to hold the words which follow the word "executed" to mean something in addition to, rather than descriptive of or limiting, the effect of said word. The words

are at least fairly susceptible of such construction, and this is sufficient. *Bacon* v. *Bevan*, 44 Miss. 293. By such construction the return, while not in conformity with the statute, and therefore irregular, was sufficient to show an effort on the part of the officer to execute on all; and the decree, though voidable on appeal, was not void. *Campbell* v. *Hays*, 41 Miss. 561; *Harrington* v. *Wofford*, 46 Miss. 31.

The decree does not appear to have been by consent. It is regular in form, except that by agreement between the mortgagee and the administrator and widow of the mortgageor its execution was to be suspended for three years. Nothing appears of any consent to anything except the suspension of the execution. The learned judge erred in excluding the evidence offered by appellants, and for this reason the judgment is reversed and a new trial awarded.