JULIA A. MORTON ET AL. *v.* E. M. CARROLL.

1. PROBATE COURT. *Guardian's sale of land.  Process for minors.  Code* 1857, *p.* 463.
   In probate proceedings, under art. 151, p. 463, code 1857, by a guardian to
   sell lands of infant wards, it was not necessary to have process served on
   the wards. *Stampley* v. *King*, 51 Miss. 728 ; *Burrus* v. *Burrus*, 56 Ib. 92.

2. SAME. *Guardian's sale.  Bond.*
   Nor was it necessary, before making such sale, for the guardian to give a
   bond, unless specially required by the court.

3. JUDICIAL SALE. *Notice ; ·longer than necessary.*
   The giving of longer notice of sale than is required by the decree therefor
   does not render the sale invalid.

4. DECREE FOR SALE OF LAND. *Confirmation.  Irregularity.  Collateral attack.*
   Where lands of infant heirs have been sold by their guardian under a valid
   decree of the probate court, subject to widow's dower, and the sale has
   been confirmed, it cannot be attacked collaterally by showing irregularity
   in the way in which the dower interest was sold and conveyed, and errors
   in the division of the proceeds between the widow and the minors.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

The appellants brought this action of ejectment in January, 1890,
against appellee to recover a certain lot in the town of Tupelo.
Plaintiffs claim as children and sole heirs of William R. Cole-
man, who died in 1869 seized and possessed of the lot.  Appellee
claims title through one McPherson, who purchased the lot at a sale
thereof by the guardian of appellants under a decree of the probate
court of Lee county rendered February 21, 1870.

On the trial the plaintiff objected to the introduction of the
guardian's deed, because the bill of particulars of title which had
been furnished for plaintiffs by the defendant contained no reference
thereto.  Thereupon defendant asked leave to amend the bill of
particulars by inserting a reference to that deed.  The amendment
was allowed by the court.

Plaintiffs further objected to the reading of said deed in evidence,
because the record of the probate proceeding offered in connection
with the deed did not show that the plaintiffs, who were then

minors, were served with process, and also because it did not appear that the guardian had executed any additional bond before making the sale.

It appeared from the minutes of the probate court that the entry in the decree requiring ten days' notice had been altered by substituting thirty in the place of ten. The clerk who recorded the decree on the minute book, testified that the decree as written by him called for ten days' notice, and it does not appear when or how the alteration took place; but the report of sale and the advertisement showed that thirty days' notice were in fact given. This departure from the terms of the decree was also urged as an objection to the deed from the guardian.

Josephine B. Coleman was the widow of William R. Coleman, and, as such, was entitled to dower in the lot in controversy. She also became the guardian of the children, the appellants, and as such instituted the proceedings for the sale of the lot as above mentioned. At the time the decree of sale was rendered her dower had not been allotted, but the decree ordered the sale to be made subject to her dower interest. The report of sale as made to the probate court and the deed from the guardian both contained the recital that the lot sold for the sum of $376.66, but the testimony of Mrs. Coleman, as well as that of McPherson, who purchased the lot, was that the latter bid therefor the sum of $552, and that one-third of his bid was paid to the widow in satisfaction of her dower. She executed a separate deed to McPherson, conveying her life interest in the lot, and this was introduced in evidence. The purpose of such evidence on the part of plaintiffs was to show that the purchaser of the land did not in good faith pay his bid, and thus to show that the statute of limitations of one year, applicable where lands have been purchased at chancery or probate sale and the purchase-money paid in good faith, cannot apply.

The court overruled all the objections, and permitted the deed to be read in evidence. Many other points are presented by the record, but this statement of facts is sufficient for an understanding of the cause. There was a verdict for defendant; judgment accordingly, and plaintiffs appeal.

*Clarke & Clarke,* for appellants.

1. It was error to allow defendant to amend his bill of particulars of title at the trial. Plaintiffs had prepared their case to meet the bill of particulars already on file, and were taken by surprise and greatly prejudiced by such amendment.

2. The record of the probate proceeding shows that the sale by the guardian to McPherson was void. The invalidity of the sale is not cured by § 2173, code 1871, which provides that no such sale shall be attacked for invalidity within one year after that code took effect, if such sale was made in good faith and the purchase-money paid. It is conclusively shown that the purchase price was not in good faith paid. The evidence shows that McPherson bid for the lot $552, whereas the report of sale and the deed show a payment of only $376.66. It is thus evident that the purchaser, instead of paying the purchase price in good faith, colluded with the widow and paid her one-third the amount of his bid and took from her a deed for her supposed dower interest. The land was decreed to be sold subject to the dower interest. Good faith cannot be predicated upon a transaction like this where the purchaser and the guardian by their unlawful act prevent the wards from receiving the benefit of one-third of the bid. Good faith in the *sale,* and not good faith in the purchase, is what is required. *Jeffries* v. *Dowdle,* 61 Miss. 504. This principle of law was disregarded by the court in the instructions.

3. It is well shown that the decree as entered required a sale on ten days' notice. It was not a compliance with the decree to give thirty days' notice.

*Clayton & Anderson,* on the same side.

1. The uncontradicted testimony is that the lot was sold at a guardian's sale for $552. One-third of this sum was not paid at the time, and never has been paid. Payment for said land to the widow in satisfaction of her dower was not a compliance with his bid by the purchaser. The land was ordered sold, subject to the dower interest, and it was the duty and the contract of the purchaser to pay his bid into court.

2. It was error to allow defendant on the trial to amend the bill of particulars of title, and read in evidence a deed not embraced therein. If the amendment was proper, plaintiffs were at least entitled to the continuance. *Summers* v. *Brady*, 56 Miss. 10.

*Blair & Stribling*, for appellee.

1. It was not necessary to serve the minors with process in the probate proceeding by the guardian for the sale of the lot. *Stampley* v. *King*, 51 Miss. 730.

2. Under the code of 1857, art. 151, providing for sales by guardians in cases like this, no additional bond was required to be given before sale.

3. The court had the power to order the sale on ten days' notice. The advertisement shows that thirty days' notice was given. We submit the sale was not invalid for lack of notice.

4. Even if the sale by the guardian was void, the plaintiffs are barred by § 2773, code 1871, since the purchase-money was paid in good faith. For the meaning of the phrase good faith, see *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 65 ; *Hall* v. *Wells*, 54 Ib. 289 ; *Jeffries* v. *Dowdle*, 61 Ib. 504.

Argued orally by *W. F. Clarke*, for appellants.

CAMPBELL, C. J., delivered the opinion of the court.

The sale of the lot in controversy by order of the probate court was valid, and passed the title of the plaintiffs, heirs of Coleman. Process for the minors in the proceeding for the decree of sale was not necessary. Code of 1857, p. 463, art. 151 ; *Stampley* v. *King*, 51 Miss. 728 ; *Burrus* v. *Burrus*, 56 Ib. 92.

The law did not require a bond to be given by the guardian, code of 1857, 463, art. 151 ; and the court did not require one, and therefore none was necessary. *Vanderberg* v. *Williamson*, 52 Miss. 233.

Whether the decree required ten or thirty days' notice of the sale is immaterial, as thirty days' notice was given.

Any complaint of the way in which the widow's claim of dower in the land was sold, and the division between her and the plain-

tiffs of the price for which the lot sold, is not involved in this case. The decree of sale being valid, and the sale having been confirmed, no question of mere error or not can. now be litigated collaterally. Notwithstanding errors in the trial, the result is right, and the judgment will be

*Affirmed.*