JOHN C. SODINI v. CLARA SODINI.[1]

March 3, 1905.

Nos. 14,011—(52).

**Decree of Divorce.**

A default judgment in divorce proceedings is protected against collateral attack by the same conclusive presumptions of validity and by the same favorable intendments which surround any other judgment.

**Return of Service of Summons.**

If the language of the return of service of summons and complaint in a default divorce judgment fairly admits of an interpretation which will make that return legal and sufficient, it should be so construed upon collateral attack.

**Same.**

When the return on which default judgment in divorce is based shows that the summons and complaint were properly and personally served on the defendant, it is immaterial that the officer making the service also certifies that the name by which the defendant was described in the papers served was not his true name, but only an alias.

**Service in Foreign State.**

Personal service of complaint and summons in divorce proceedings outside of the state is sufficiently authorized by sections 4796, 4797, G. S. 1894.

Action in the district court for Hennepin county for an absolute divorce from the bonds of matrimony.   Defendant, answering, set up a counterclaim, and also prayed for a divorce and for alimony.   From orders, Pond, J., overruling a general demurrer to the answer, and allowing defendant temporary alimony, suit money and counsel fees, plaintiff appealed.   Orders affirmed.

[1] Reported in 102 N. W. 861.

Lane & Nantz and Henry S. Mead, for appellant.

Stan J. Donnelly and Harry Weiss, for respondent.

JAGGARD, J.

The original complaint herein sought an absolute divorce from defendant because of adultery. The answer, after a general denial, also sought an absolute divorce because of adultery and cruel and inhuman treatment. Subsequently plaintiff amended his complaint, and therein sought to annul the marriage of plaintiff to defendant because of the following facts. In 1894, at Milwaukee, Wisconsin, the defendant married Robert J. Nelson. In 1895 she began an action in the district court of Hennepin county, Minnesota, where she was then residing, against Robert J. Nelson for divorce, on the ground of cruel and inhuman treatment. Personal service of the summons and complaint therein was thereafter made upon the defendant at Philadelphia, Pennsylvania. Such proceedings were thereafter duly had in said action that on December 12, 1895, a judgment of divorce was rendered therein in favor of the plaintiff. On June 7, 1902, defendant became the wife of this plaintiff. In November of the following year this action for divorce was begun. The plaintiff, in his amended complaint, claimed that this judgment of divorce in said case of Nelson v. Nelson is void upon its face, because the record affirmatively shows that the summons and complaint therein were never in fact served upon the defendant, Nelson. This claim is spelled out of the officer's return of the service of the summons and complaint upon the defendant therein at Philadelphia, hereafter stated.

The defendant by her answer denied her incapacity to marry plaintiff, and alleged a regular divorce from the former husband, and asked for attorney's fees, suit money, and alimony. Plaintiff demurred to this answer on the grounds (1) that the aforesaid facts relating to the divorce of Clara Nelson from Robert J. Nelson failed to show a valid divorce; (2) that, in a proceeding to annul a marriage, no allowance for temporary alimony could be allowed upon a counterclaim seeking a divorce on the grounds of adultery and cruel and inhuman treatment. From an order overruling this demurrer, and from an order allowing temporary alimony, counsel fees, and suit money, plaintiff appealed.

1. A judgment of a court of superior or general jurisdiction cannot be collaterally attacked unless the record affirmatively shows want

of jurisdiction. The cases sustaining this familiar and undisputed rule will be found collected in 30 Cent. Dig. §§ 933, 934; Black, Judg. §§ 224, 263. A number of federal cases will be found collected in Southern Pac. R. Co. v. U. S., 168 U. S. 1, 51, 18 Sup. Ct. 18, 27. And see Turrell v. Warren, 25 Minn. 9; Nye v. Swan, 42 Minn. 243, 44 N. W. 9; Gulickson v. Bodkin, 78 Minn. 35, 80 N. W. 783; Hotchkiss v. Cutting, 14 Minn. 408 (537); State v. Macdonald, 24 Minn. 48. A default judgment in divorce proceedings is no more subject to such collateral attack than any other judgment. In re Newman's Estate, 75 Cal. 213, 16 Pac. 887; 2 Current Law, 595; Ruppin v. McLachlan, 122 Iowa, 343, 98 N. W. 153.

In Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683, 691, 15 Sup. Ct. 733, Justice Brewer said: "But a judgment by default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one rendered after answer and contest. The essence of estoppel by judgment is that there has been a judicial determination * * * and not upon what evidence, or by what means was it reached." The conclusive presumption of validity extends to the return of process upon which the judgment is based. 40 Cent. Dig. § 193. All intendments are indulged in support of the judgments of courts of general superior jurisdiction. 30 Cent. Dig. § 934. Thus informalities, including errors in the name of the person designated in the return of service of summons, are not sufficient basis for indirect impeachment of a judgment. Hollingsworth v. State, 111 Ind. 289, 12 N. E. 490; Smith v. Bradley, 14 Miss. 485; Campbell v. Hays, 41 Miss. 561; Crizer v. Gorren, 41 Miss. 563; Rigby v. Lefevre, 58 Miss. 639; Kelly v. Harrison, 69 Miss. 856, 12 South. 261; Oswald v. Kampmann (C. C.) 28 Fed. 36; Peck v. Strauss, 33 Cal. 678; Wilson v. Call, 49 Iowa, 463. And if the language of the return fairly admits of a construction which will make the return legal and sufficient, it should be so construed. Curtis, J., in Coggswell v. Warren, 1 Curt. 223, Fed. Cas. No. 2,958; Murfree, Sher. § 864.

Plaintiff here contends that the judgment of divorce of the defendant from her former husband in the case of Nelson v. Nelson is void even on collateral attack; that the proof of service therein shows on its face the service of the summons and complaint, aimed at a man whose true name was Robert J. Nelson, upon a man whose true name was

John S. Bradley, but who sometimes passed under the name of Robert J. Nelson; and that, inasmuch as the person whose real name is John S. Bradley is not the same as one whose true name is Robert J. Nelson, the court never acquired jurisdiction. The sheriff serving the summons and complaint, however, certified that he personally knew the defendant, that at a specified time and place he served said papers upon said defendant by handing to and leaving with him a true and correct copy thereof, and that he knew the person served as aforesaid to be the person named as the defendant therein. It is true that he also certified that the defendant's true name was not Robert J. Nelson, but John S. Bradley, and that the name Robert J. Nelson was an alias. This does not, however, take this case out of the rule that every intendment is in favor of a construction which will sustain the judgment. There was nothing in the summons and complaint, as served, to deceive the defendant. The real person was in fact served. It is the intention of the law that the service should be made, not on the name, but on the person. Accordingly the construction applied by the trial court, sustaining the judgment, is the proper one.

2. It was further urged that there was no authority for personal service of summons and complaint outside the state. R. S. 1851, p. 335, c. 70, § 51, authorized such service. After a learned examination of the statutes, counsel for plaintiff asserts that this provision was repealed in 1866, and not re-enacted until 1901, and that, since the divorce of defendant herein from her former husband was procured in 1895, and was based on such service, it is void. It is not necessary to consider here in detail the merits of this argument as to such legislative history. G. S. 1894, §§ 4796, 4797, sufficiently, if inferentially, authorize the actual service here made.

3. There is no merit to the further contention in plaintiff's demurrer that, since this is an action to annul marriage, the defendant cannot therein secure a divorce on the ground of adultery and cruel and inhuman conduct, and that therefore the court may not order temporary alimony. Especially in view of the history of the pleadings in the case, the trial court properly held that

> There can be no good reason given why the rights of the respective parties in an action of this kind may not be litigated and determined without driving them to separate lawsuits.

* * * To deny the defendant this relief in this action would be to prolong these domestic troubles and multiply the lawsuits between the parties, and largely increase the costs and expenses of litigating their respective rights.

4. This court has examined the orders for alimony and suit money, and finds no abuse of the discretion of the trial court or other error therein.

The orders appealed from are sustained.