THEODOR GULICKSON v. W. J. BODKIN.

November 13, 1899.

Nos. 11,777—(80).

### Judgment—Collateral Attack—Presumption of Jurisdiction.

Rule reaffirmed that, where the validity of a domestic judgment is collaterally attacked on the ground of the want of jurisdiction of the court, jurisdiction is conclusively presumed unless the contrary affirmatively appears on the face of the record itself, and that this rule obtains where the record is silent upon the jurisdictional facts as well as when it affirmatively states or recites them.

### Same.

The mere absence from the judgment roll of papers which ought to have been included, and which, if included, would affirmatively show that the court had jurisdiction, is not enough to "make it affirmatively appear from the face of the record that the court had no jurisdiction."

78 M.—3

Action in the district court for Clay county against defendant as sheriff of said county to recover possession of two barrels of whiskey, or the sum of $159.10, the value thereof, in case a delivery could not be had, and $25 damages for the detention. The case was tried before Baxter, J., who directed a verdict in favor of defendant; and from a judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*C. A. Nye,* for appellant.

*F. H. Peterson,* for respondent.

MITCHELL, J.

This was an action of claim and delivery. It is admitted that the plaintiff, who derived his title from one Olson, was the general owner of the property, and entitled to the possession, unless the defendant, as sheriff, had a prior special property by virtue of a levy under an execution issued out of the district court upon a judgment in favor of one Palacek and against Olson. The regularity of the execution on its face, and the fact that the levy on the property antedated its sale by Olson to plaintiff, are not questioned.

The contention of the plaintiff is that the judgment of the district court upon which the execution was issued was absolutely void because of the want of jurisdiction of the court to render it. The action of Palacek against Olson was originally brought in justice's court, and was appealed, or attempted to be appealed, by the defendant, to the district court. Olson failed to appear, or enter the appeal on the calendar for trial, as required by statute; whereupon the plaintiff, Palacek, entered it, and upon his motion the court ordered judgment against the appellant, Olson, for the amount of the judgment of the justice, and costs of both courts, as provided by G. S. 1894, § 5072.

The sole point urged by the defendant here is that the district court had no jurisdiction to enter any such judgment, because there had never been any valid appeal of the action to that court. The only evidence introduced or offered by the defendant to sustain this contention was the "judgment roll" in the district court in the action of Palacek against Olson, in connection with a stipulation of the parties that the records in this case "were the identical

records upon which this execution was issued." This "judgment roll" consisted of copies of the notice of appeal to the district court, certain docket entries of the justice (which are silent on the subject of appeal), notice of taxation of costs, and the judgment. Both the order for judgment and the judgment recited that the defendant Olson had appealed to the district court. This was all the evidence introduced or offered bearing on the question of the validity of the judgment.

Plaintiff's line of argument is that, because this judgment roll does not contain the papers necessary to constitute an effectual appeal to the district court,—particularly an affidavit on appeal,—therefore it appears affirmatively that there was no appeal, hence, on the face of the record, the judgment is absolutely void. Conceding, without deciding, that, if it affirmatively appeared on the face of the record that there never was any sufficient appeal, the judgment would be absolutely void, even as against a collateral attack, still no such fact affirmatively appears from the judgment roll introduced in evidence. It has been repeatedly held by this court that, when the validity of a domestic judgment is sought to be attacked collaterally on the ground of want of jurisdiction, the jurisdiction is to be conclusively presumed, unless the contrary affirmatively appears on the face of the record itself; that this presumption obtains when the record is silent upon the jurisdictional fact, as well as where it affirmatively states or recites it. The want of jurisdiction does not affirmatively appear on the face of the record in this case. The mere absence from the judgment roll of certain papers which ought to have been made a part of it, and which, if included, would affirmatively show that jurisdiction had been acquired, is not enough to make it "affirmatively appear from the face of the record that the court had no jurisdiction." In aid of his case, counsel for the plaintiff relies upon and invokes the stipulation, already referred to, to the effect that these were the records upon which the execution was issued. We discover nothing in this that at all affects the case.

Judgment affirmed.