**McDOUGAL, Guardian, v. RICE.**

No. 9697—Opinion Filed April 13, 1920.

Rehearing Denied Sept. 14, 1920.

Second Rehearing Denied Nov. 17, 1920.

(Syllabus by the Court.)

1. **Judgment—"Collateral Attack."**

A "collateral attack" in a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.

2. **Same—Jurisdiction—Defective Petition— Effect.**

The district courts of this state are courts of general jurisdiction and their judgments cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment, and where the court is one having power to grant the relief sought and having the parties before it, the fact that the petition defectively states a cause of action, or fails to state it, does not make the judgment void on collateral attack, there being no connection between jurisdiction and sufficient allegations.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Motion to set aside judgment by J. E. Rice sustained, and D. A. McDougal, guardian of Robert Pittman, Jr., brings error. Reversed and remanded.

Smith & Walker, for plaintiff in error.

Emery A. Foster and Feuquay & Foster, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Creek county from a judgment sustaining a motion to vacate and set aside a former judgment of that court in this cause, the principal grounds of which motion being that such judgment was void as to the movant for the reason that the court was without jurisdiction to render the same.

The judgment attacked is as follows:

"Now on this 8th day of January, 1913, the same being a regular judicial day of the regular January, 1913, term of the above entitled court, the above styled cause comes on to be heard in its regular order, the plaintiff being present by its attorneys, Thompson & Scott, and the defendant, Dewey Park Realty Company, a corporation, J. E. Rice, B. C. Burnett, J. F. Fuller and F. W. Turner, appeared not, nor does either of them appear, nor does any person appear for them or either of them and each of said defendants being three times loudly called in open court, to appear, except, demur, answer or plead to the petition of the plaintiff herein, came not, but each of them makes default, and it is ordered and adjudged by the court that said defendants and each of them are in default and that the same be entered of record accordingly; and that the allegations contained in plaintiff's petition be taken as confessed.

"Judgment was rendered upon the six thousand dollar note against J. E. Rice."

The defendant's motion to vacate the foregoing judgment alleged, in substance, that the same was void because it shows it was rendered against this defendant upon default, without the introduction of any evidence, except the pleadings, and that a copy of the eleventh cause of action is as follows:

"The plaintiff for his eleventh cause of action against the defendants, makes all of the allegations contained in his first cause of ac-

tion as to the identity, character and residence of the parties defendant, and as to the mortgage set forth and alleged therein, a part of this, his eleventh cause of action, as fully and to the same effect as if the same were embodied herein verbatim. And the plaintiff alleges that on the 1st day of March, 1911, at Sapulpa, Creek county, Oklahoma, the defendants, Dewey Park Realty Company, a corporation, J. E. Rice, A. F. Fuller, B. C. Burnett, F. W. Turner and John P. Soliss, since deceased, for a good and valuable consideration made, executed and delivered to this plaintiff, as guardian aforesaid, their certain promissory note of that date for the principal sum of $6,000.00 to become due and payable to the plaintiff as guardian aforesaid, on the 1st day of March, 1922, with interest thereon from the date thereof at the rate of 8 per cent. per annum, payable annually, and provided in said note that in the event the same should be placed in the hands of an attorney for collection the makers thereof would pay 10 per cent. additional as attorneys' fee for the collection of the same. A true copy of said note is hereto attached, marked 'Exhibit H', and made a part of this petition."

The grounds stated by the defendant in his motion, as we have seen, are that the petition filed by the plaintiff in the district court of Creek county, for a judgment upon the note, failed to allege sufficient facts to constitute a cause of action against the defendant for a money judgment, and on account of the alleged insufficiency of the petition it is urged that the district court was without jurisdiction to render the judgment complained of and that same was void.

It seems to be admitted that the defendant's motion is, in effect, a collateral attack upon the judgment; indeed, it cannot be otherwise from the facts disclosed by the record. It is, as was said by this court in Continental Gin Co. v. De Bord, 34 Okla. 66, 132 Pac. 159, "an attempt to avoid or deny the force and effect of the judgment in an incidental proceeding not provided by law for the express purpose of attacking it."

The district courts of this state are courts of general jurisdiction. This court has frequently held, as was said in Welch v. Focht et al., 67 Oklahoma, 171 Pac. 730:

"There is also practical unanimity among the authorities that a judgment of a court of general jurisdiction cannot be collaterally attacked, unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the

judgment which it did. 15 Ruling Case Law, p. 354; Jones, Commentaries on Law of Evidence, vol. 3, p. 877; Sodini v. Sodini, 94 Minn. 301, 102 N. W. 861, 110 Am. St. Rep. 371; Kalb v. German Sav. Soc., 25 Wash. 349, 65 Pac. 559, 87 Am. St. Rep. 757; Burke v. Interstate Sav. Ass'n, 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416; Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, 79 Am. St. Rep. 352." McDuffie v. Geiser Mfg. Co. et al., 41 Okla. 488, 138 Pac. 1029; Chivers v. Board Co. Com'rs, 62 Okla. 2, 161 Pac. 822.

In Welch v. Focht, supra, the following was quoted with approval of this court from Van Fleet on Collateral Attack, wherein it was said:

"There is no connection between jurisdiction and sufficient allegations. In other words, in order to 'set the judicial mind in motion,' or to 'challenge the attention of the court,' it is not necessary that any material allegation should be sufficient in law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it cannot be said that such a complaint has any tendency to show a cause of action. * * * When the allegations are sufficient to inform the defendant what relief the plaintiff demands, the court having power to grant it in a proper case, jurisdiction exists, and the defendant must defend himself. * * * Allegations immaterial and wholly insufficient in law may be sufficient to 'set the judicial mind in motion,' and to give a wrongful but actual jurisdiction which will shield the proceedings from collateral attack."

Then the opinion continues.

"And the learned author sums up the whole matter by saying that in his opinion the true and logical rule is that, if there is any petition at all invoking the action of the court, a judgment based thereon cannot be assailed collaterally because of insufficiency in the pleading. This, too, is the rule adhered to by the Supreme Court of the United States. Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274-280; Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U. S. 552, 8 Sup. Ct. 217, 31 L. Ed. 202; Dowell v. Applegate. 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463."

We are clearly of the opinion that the judgment sought to be attacked is not void, and that the trial court was in error in sustaining the motion to vacate the judgment, and the judgment of the trial court is therefore reversed and the cause remanded.

OWEN, C. J., and PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.