### WALDEN, nee POTTS, et al. v. POTTS, Adm'r, et al.

No. 14282—Opinion Filed Jan. 15, 1924.

1. **Quieting Title—Cancellation of Instruments—Equity Jurisdiction.**

A suit brought for the primary purpose of canceling instruments and to quiet title, is purely of equitable cognizance, and presents questions for the determination of a chancellor.

2. **Equity—Trial—Jury—Direction of Verdict.**

In cases of purely equitable cognizance, a verdict of a jury is advisory only, and it is not error for the trial court to withdraw a case from the jury and direct a verdict in keeping with the decided weight of the evidence.

3. **Deeds—Presumption as to Delivery.**

The rule is that when uncertainties arise about the date of delivery of a deed in question, and the deed is found in the possession of the grantee, the law presumes that it was delivered at the date of its execution. Shaffer v. Smith et al., 53 Okla. 352, 156 Pac. 1188.

4. **Appeal and Error—Review of Equity Case.**

Where the plaintiff's action is brought for the purpose of canceling instruments and quieting title, the burden of making out a case justifying the relief prayed

for is upon the plaintiff; and where, in such case, judgment is rendered for the defendants, in the absence of judicial error, the judgment will not be disturbed on appeal, unless an examination of the record discloses that the judgment is against the weight of the evidence.

**5. Same—Affirmance.**

Record examined, and held, that the judgment in favor of defendants is not against the weight of the evidence; and that plaintiffs have not been denied any substantial right upon the trial; and that judgment should be affirmed.

(Syllabus by Shackelford, C.)　,

Commissioners' Opinion, Division No. 4.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Sarah E. Walden, nee Potts, Edith F. Haley, Maudie Keenan, and Aggie Brown against Clarence M. Potts, administrator of the estate of Francis M. Potts, deceased, Clarence M. Potts, Ernest Potts, Goldie Potts, Minnie M. Miller, Dora M. Corbin, Miron Kirkwood Potts, and Lawrence Potts, for the purpose of canceling a conveyance of real estate and to quiet title to said real estate in plaintiffs. Judgment for defendants, and plaintiffs prosecute appeal. Affirmed.

Blanton, Osborn & Curtis and H. G. Butts, for plaintiff in error.

Bowling & Farmer, for defendants in error.

Opinion by SHACKELFORD, C. The parties will be referred to as plaintiffs and defendants, as they appeared in the trial court.

The plaintiff Sarah E. Walden, as Sarah E. Potts, filed the original petition in this cause on the 9th day of July, 1920, in the district court of Garvin county, seeking to have certain lands of the property of Francis M. Potts, deceased, set aside to her as and for her homestead, as the surviving widow of the said Francis M. Potts, deceased; and to cancel a certain deed executed by Francis M. Potts in his lifetime, purporting to convey a certain portion of his homestead, which it is alleged was a part of the homestead, and which conveyance had not been signed by plaintiff and for that reason alleged to be void. The legal representatives of Francis M. Potts and his surviving children were made parties defendant. The petition alleged two causes of action: one to set out the homestead and the other to cancel the conveyance. Miron Kirkwood Potts and Lawrence Potts filed answer joining plaintiff in the relief sought in the second cause of action; and, they, with the other defendants, filed a plea to the jurisdiction of the court as to the first cause of action. The plea to the jurisdiction was sustained by the court and the first cause of action dismissed. Thereafter Edith F. Haley, Maudie Keenan, and Aggie Brown were made additional parties plaintiff; and Minnie M. Miller, Dora M. Corbin and Clarence M. Potts, as administrator of the estate of Francis M. Potts, deceased, were made additional parties defendant. It seems that Clarence M. Potts had originally been named party defendant as executor of the last will and testament of Francis M. Potts; but it also seems the will had been denied probate and Clarence M. Potts had been appointed administrator of the Francis M. Potts estate. The original party plaintiff and the new parties plaintiff were given leave to file an amended petition, upon which the cause was tried from the standpoint of the plaintiffs.

It appears from the amended petition that the original plaintiff, Sarah E. Potts, widow of Francis M. Potts, deceased, had married a man by the name of Walden, and now appears as Sarah E. Walden, nee Potts, and that plaintiffs Edith F. Haley, Maudie Keenan, and Aggie Brown were daughters of Francis M. Potts, deceased; and that defendants Clarence M. Potts, Ernest Potts, Minnie M. Miller, Dora M. Corbin, Miron Kirkwood Potts, and Lawrence Potts are children of Francis M. Potts, and Goldie Potts is the wife of Ernest Potts, and Clarence M. Potts is the administrator of the estate of Francis M. Potts, deceased. None of these parties, however, are children of the original plaintiff, appearing here as Sarah E. Walden, nee Potts, but are sons and daughters of Francis M. Potts by a former marriage, except Goldie Potts, who is the wife of one of the sons. For cause of action it is alleged that Francis M. Potts, deceased, departed this life on the 6th of March, 1920, leaving Sarah E. Potts, his widow, and died seized and in possession of certain lands, described as follows: N. ½, N. W. ¼ of sec. 36, twp. 1 N. rge. 3 E., I. B. M., and that said lands descended in equal shares to the widow (a second wife) and the children of Francis M. Potts, deceased, subject to the rights of the administrator to use for the purpose of paying the debts of the deceased, but that Ernest Potts and Goldie Potts, two of the defendants, are claiming the lands because of a certain deed purporting to have been made by Francis M. Potts, conveying the land to Ernest Potts and dated August 31, 1919, and filed for record January 30, 1920. This deed is alleged to be void for the reason that at the time the conveyance is purported to have been made the land therein described was a part of

the homestead of Francis M. Potts and Sarah E. Walden, nee Potts, and being occupied by them as husband and wife, and Sarah E. Potts did not join in such conveyance; and for the further reason that no delivery of the deed was made until on or about January 20, 1920, and that at said date the said Francis M. Potts was mentally deranged and incompetent, and was not capable of making delivery of the deed so as to convey the land; and further that the deed conveyed no rights of ownership to Ernest Potts for the reason that it was agreed on the execution and delivery of the instrument that Ernest Potts was to hold it as a trustee only for Francis M. Potts; that if, in fact, it was intended that the deed should convey the land, it was for a consideration which had never been paid, and that the deed was executed as a result of the mental incompetency of Francis M. Potts and because of fraud and undue influence perpetrated by Ernest Potts and those conspiring with him and Francis M. Potts against Sarah E. Potts, now Walden. That if the deed was executed, as it purports to have been, it was intended by Francis M. Potts as a testamentary provision. The prayer is to set aside the deed in so far as it affects the interests of the plaintiffs and that plaintiffs be decreed to be the owners of a one-tenth each in the 80 acres of land; and in the event the court finds that the deed is effective to convey title, the prayer is that the grantee be required to pay the purchase price and the amount thereof be fixed and declared to be a lien upon the land and foreclosure be had.

The answer of the defendants is a general denial, except they admit the relationship of the parties, that Mrs. Walden was the second wife of Francis M. Potts, and that the property involved was acquired by Francis M. Potts before he married such second wife.

The cause was called for trial on the 10th of October, 1922. It seems that the court ordered a jury empaneled to pass upon the question of fact. After offering evidence the court directed a verdict for the defendants and rendered judgment thereon. Plaintiffs appeal.

Several assignments of error are made and presented in the brief of plaintiffs in error. They are, in effect:

(1) That the court erred in directing a verdict.

(2) The judgment is not supported by the evidence and is against the weight of the evidence.

Both parties have furnished the court with briefs and argument in support of their respective contentions, and the cause has been orally argued before the commission preparing the opinion. Based upon the oral argument made before us, and a careful examination of the record here presented, we have concluded that there is but one question to be decided under the pleadings and the evidence to properly dispose of this appeal: Was Francis M. Potts of sane mind at the time he executed the deed in question to Ernest Potts, conveying to him the land in which the plaintiffs now claim an interest as the heirs of the said Francis M. Potts? It appears that Francis M. Potts was adjudged to be insane on the 20th of January, 1920, and he was committed to the State Hospital for the Insane at Norman and was placed there at that time, where he remained until his death, which occurred March 6, 1920.

The deed in question bears date of August 31, 1919, and was recorded as of January 20, 1920. It is contended, however, by the plaintiffs, that the deed was in fact executed on the 31st of December, 1919. Both contentions seem to be supported by evidence. The evidence in the case tends to show that the history of the transaction concerning the land is about as follows: Francis M. Potts bought the land in 1911 for his son Ernest Potts; but seems to have taken the deed in his own name. The possession of the land was turned over at that time to Ernest Potts. Some time in 1918 Francis M. Potts made a deed to Ernest Potts in which it seems he intended to convey the land to him, but it seems that the description given therein was erroneous and did not properly describe the land in question. Some time in the latter part of 1917 or early in 1918, Mollie Potts, the mother of the Potts children, died, and in the early part of 1919 Francis M. Potts married the plaintiff, Sarah E. Waldon, nee Potts. Some time in 1919, it seems that Francis M. Potts undertook to cure the defective deed made to Ernest Potts by making him another deed. The defendants contend that this was done August 31, 1919, and while it is in dispute, the weight of the testimony supports the conclusion that that is when the deed was executed and that it was delivered to Ernest Potts about the time it was executed. Ernest Potts testified that the deed was delivered about the time it was executed, and other witnesses testified that Potts had told them he had delivered the deed to Ernest. The great weight of the testimony supports the conclusion that the deed was delivered at or about the time when it was executed, even though there may be some uncertainties about the time of the delivery. Ernest Potts had possession of the deed and filed it for record on the 20th of January, 1920.

In Shaffer v. Smith et al., 53 Okla. 352, 156 Pac. 1188, this court said:

"The rule is that when the grantee is in possession of a deed the presumption is that it was delivered at the date of the execution."

Thus, the conclusion that the deed was delivered at the time of its execution is supported both by the weight of the evidence and the presumption of law.

The contention of the plaintiffs is that the deed was not delivered until the 20th of January, 1920, and at that time the grantor, Francis M. Potts, was insane. There is no serious contention made that the evidence would support the conclusion that Francis M. Potts was insane either on August 31, 1919, or December 31, 1919. There is no evidence in the record warranting such a conclusion. While there is no special finding of fact as to when the deed was delivered, it will be presumed that the conclusion reached by the court as to the date of the delivery of the deed was in accord with the weight of the evidence.

There is no question of fraud or duress in this case appearing either from a sufficient allegation in the petition or evidence offered upon the trial. The question of homestead rights in the land embraced in the deed has been eliminated since it was made plain at the time the cause was orally argued that an agreement had been reached among the parties that the plaintiff, Sarah E. Walden, nee Potts, should have her homestead in 165 acres of land of Francis M. Potts other than the land herein in question, and it appears that she now collects the rents from such property. The evidence tends strongly to show that Francis M. Potts never considered or treated the 80 acres in question as any part of his homestead.

The plaintiff contends that on the 14th of January, 1920, Francis M. Potts claimed to be the owner of the land in controversy. This contention is based upon the following facts: It appears on December 26, 1919, Sarah E. Potts (now Walden) filed a divorce suit against Francis M. Potts; and with reference to the property rights she alleged that Francis M. Potts was "the owner of several hundred acres of land"; but no land seems to have been described in the petition. In the answer of Francis M. Potts filed on the 14th of January, 1920, he said, with reference to his ownership of lands "that he is the owner in fee simple of 240 acres of land." The petition and answer in the divorce action were both offered in evidence in the trial of this cause but were excluded by the trial court. They have been incorporated into the case-made and the plaintiffs complain that the court erred particularly in excluding the answer of Francis M. Potts since it would tend to prove that Potts claimed to be the owner of 240 acres of land. We think that the answer, standing alone and unsupported by other evidence, does not in any way tend to prove that Potts was claiming to be the owner of the land herein involved; and that the court did not err in excluding it. This answer would, perhaps, have been competent to show that Potts claimed the land in question by showing or offering to show definitely what lands he did own at that time so as to show that he must be claiming this particular 80 acres to make up the 240 acres. No definite showing of that kind is made in this record, so that the competency of the answer as evidence in the case might appear. There seems to have been a plat of certain lands owned by Potts put in evidence, but it does not appear from any evidence that the plat showed all of the lands of Francis M. Potts, nor does it appear that plaintiffs after introducing the plat again offered the answer in evidence. We think the exclusion of the answer was correct. But, even if it had been admitted in evidence and considered by the court, we are unable to see how that the statement made in the answer by Potts—that he owned 240 acres of land at the time of filing the answer—could have the effect of setting aside the deed made to Ernest Potts conveying to him the 80 acres of land herein involved.

It is complained that the court erred in taking the case from the consideration of the jury. We think this action of the court was not error. This case is peculiarly one of equitable cognizance. The suit was brought primarily for the purpose of canceling a deed and quieting title of plaintiffs in the land. The parties seem to have recognized the case as one for the determination of the court. The trial judge of his own motion had a jury empaneled to hear the evidence. This was within the power of the court and any verdict returned by the jury would have been advisory only, and the court would have been justified in accepting the verdict or rejecting it according to how the evidence might appear. The court might well have thought at the beginning of the trial that close questions of fact might arise on which he would prefer to have the assistance of the jury in determining. After hearing the evidence he felt, undoubtedly, that he needed no such assistance. At the close of the case the court had concluded that the plaintiffs had failed to establish their right to a recovery and directed a verdict for the defendants.

We have carefully studied the briefs on file and have examined the record in connection therewith, and have concluded that the plaintiffs have not been denied any substantial right in the trial and that the conclusion reached by the trial court is supported by the decided weight of the evidence.

We therefore recommend that the judgment of the trial court be in all things affirmed.

By the Court: It is so ordered.