## HAMILTON v. HARRINGTON et al.

No. 15371—Opinion Filed Sept. 22, 1925.

1. **Appeal and Error—Review of Evidence in Equity Case—Action to Declare Deed a Mortgage—Burden of Proof.**

An action to have a deed, absolute on its face, declared to be a mortgage, is one of purely equitable cognizance, and, in such cases, it is the duty of this court to weigh the evidence and decide the appeal in accordance therewith; and the burden of proof rests upon the party asserting that the instrument was intended as a mortgage, and such proof must be cogent, convincing, clear, and satisfactory.

2. **Same—Deed Held to Be Mortgage.**

Evidence examined, and held, that the

deed in question was executed as a mortgage.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by H. L. Hamilton against Willie H. Harrington and Anna Lee Harrington. Judgment for defendants, and plaintiff brings error. Affirmed.

Brown & Williams, for plaintiff in error.

Bass & Hardy, for defendants in error.

Opinion by JARMAN, C. H. L. Hamilton, plaintiff below, commenced this action against Willie H. Harrington and Anna Lee Harrington for possession of, and to quiet title to, certain real estate situated in the city of Ardmore, Okla. The defendants filed an answer denying that the plaintiff is the owner and entitled to possession of said property, and in their cross-petition alleged that the deed which the plaintiff held to the premises was intended by the parties to be and was an equitable mortgage; and alleged further that the indebtedness for which said equitable mortgage was given had been fully paid; and prayed for a cancellation of said mortgage and for a decree quieting title in the defendants. The cause was submitted to the court without a jury, resulting in a judgment for the defendants, decreeing the deed to be an equitable mortgage and canceling the same, and quieting title in the defendants to the property in question, from which the plaintiff has appealed.

The plaintiff contends that the evidence is insufficient to support the findings and judgment of the trial court. This is the only question presented here for consideration.

An action to have a deed, absolute upon its face, declared to be a mortgage is one of purely equitable cognizance (Renas v. Green, 88 Okla. 169, 212 Pac. 755), and the burden of proof rests upon the party, asserting that the instrument was intended to operate as a mortgage, and such proof must be cogent, convincing, clear and satisfactory. Armstrong v. Phillips, 82 Okla. 82, 198 Pac. 499. The test in such cases is the existence or nonexistence of a debt. McNamara v. Culver, 22 Kan. 668.

We think the evidence fully supports the requirements of the rule above announced, and clearly shows that the deed in question was intended to be and operated as a mortgage. The record shows that the plaintiff is a white man and of considerable business experience, and that the defendants are negroes; that the plaintiff was the owner of certain farm lands which he rented to the defendants about the year of 1906; that the defendants purchased of plaintiff a mule, harness, machinery, a wagon and a few farm implements, with which to cultivate said land, for a consideration of about $500, and took a mortgage on said property and also a mortgage on the real estate involved in this action, as security for said indebtedness; that the indebtedness was never fully paid, and that on or about February 18, 1911, a settlement was had between the parties, and the defendants at that time gave back to the plaintiff all of the personal property they had purchased of him, together with the mule and two or three cows, which the defendants had acquired from other sources, and, according to the testimony of the defendants, there was left a balance of $150 due by the defendants to the plaintiff, and the defendants executed a warranty deed to the plaintiff as security for said balance, and with the understanding that the plaintiff was to have charge of and rent the real estate covered by said deed and apply the rents on the $150 balance due, until the same was extinguished. The plaintiff rented the property for a period of about four years, at $4 per month, which he received, and then the defendants moved on the premises and paid rent to the plaintiff at the same rate for two years, and, figuring that the balance due on their indebtedness had been fully paid, the defendants made no further payments from 1915 to the time of the filing of this action by the plaintiff, in 1921. The defendants paid the taxes and made improvements on the premises to the extent of several hundred dollars. The only witnesses in the case were the plaintiff and the two defendants. The plaintiff testified to the settlement had on February 18, 1911, as related by the defendants, but claimed that the deed was given as a conveyance and not as a mortgage. However, the plaintiff was unable to state with any degree of accuracy, and could not even approximate, the amount of the balance that was due by the defendants on their indebtedness. The plaintiff got all of the property for which the original indebtedness was incurred, and in addition to that, got a mule and two cows from the defendants, which they had procured from other sources; he received certain interest payments from the defendants on this indebtedness and collected rents from the property in question for a term of

four years; he permitted the defendants to pay the taxes on the property in question for a number of years, and also permitted them to make extensive improvements thereon under the claim of ownership by them, and it clearly would be unconscionable for a court of equity, under such circumstances, to give to the plaintiff, in addition to the other property he has received, the home of these negroes.

Judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 897, § 2867; 27 Cyc. pp. 1018, 1025, 1034. (2) 27 Cyc. p. 1025. See under (1, 2) anno. L. R. A. 1916B, 18 et seq. 19 R. C. L. p. 248, et seq. 3 R. C. L. Supp. p. 926; 4 R. C. L. Supp. p. 1263, 5 R. C. L. Supp. 1030.