## LITTLE v. JACKSON.

No. 16834—Opinion Filed Sept. 28, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Appeal and Error—Mortgages—Absolute Deed as Mortgage—Burden and Quantum of Proof.**

An action to have a deed absolute on its face declared to be a mortgage is one of purely equitable cognizance, and it is the duty of this court to weigh the evidence and to decide the appeal in accordance therewith, and the burden of proof rests upon the party asserting that the instrument was intended as a mortgage, and such proof must be cogent, convincing, clear, and satisfactory.

**2. Same—Sufficiency of Evidence.**

Record examined, and held, that the instrument in question was executed and intended as a mortgage.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Seminole County; Geo. W. Crump, Judge.

Action by Bettie Little against D. A. Jackson et al. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with directions.

Saunders & Emerick, for plaintiff in error.

A. S. Norvell and S. A. Horton, for defendant in error.

Opinion by JARMAN, C. This was an action by Bettie Little, nee Sancho, against D. A. Jackson, to have a deed decreed to be an equitable mortgage and for cancellation of same. Judgment was for the defendant, and the plaintiff has appealed.

The plaintiff contends that the judgment of the trial court is clearly against the weight of and not supported by the evidence. This is the only question presented here for our consideration.

The rule governing such transactions is, that an action to have a deed absolute on its face declared to be a mortgage is one of purely equitable cognizance, and it is the duty of this court to weigh the evidence and to decide the appeal in accordance therewith, and the burden of proof rests upon the party asserting that the instrument was intended as a mortgage, and such proof must be cogent, convincing, clear, and satisfactory. Hamilton v. Harrington, 112 Okla. 79, 239 Pac. 618.

The evidence of the plaintiff meets the requirement of the foregoing rule, and satisfactorily shows that the deed in question was intended as a mortgage. Plaintiff and defendant are negroes. The plaintiff can neither read nor write. The defendant is a nephew of the plaintiff, and their relations were intimate, and she had implicit confidence in the defendant. Prior to the execution of the deed in question, the defendant had gone on a mission with the husband of the plaintiff to Africa, where said husband became ill and later died. The defendant came back home and found that the Security State Bank of Wewoka had foreclosed a mortgage on 40 acres of land belonging to the plaintiff, and the land was advertised for sale under the foreclosure proceedings. The amount of the judgment and costs in the foreclosure proceeding was about $500. On January 2, 1918, the defendant took a deed from the plaintiff to the mortgaged premises, and later paid off the judgment in the foreclosure proceedings. With reference to the consideration for the deed, the plaintiff testified that the defendant agreed that he would pay off the mortgage indebtedness and would take charge of the premises, and keep the same until he had received sufficient rents to reimburse him, and that he would then return the premises to the plaintiff, and that she should continue to make her home on the premises during the meantime. Crawford Kazee testified that he was present when the deed was drawn up, and that the agreement between the plaintiff and the defendant was that the defendant was to pay off the mortgage indebtedness against the premises, and was to take charge of the land and keep possession thereof until he got his money back, which he estimated at four years, and then he was to turn the place back to the plaintiff, Mr. J. L. Emerick, in whose office the deed was executed, testified substantially to the same state of facts. Webster Blanton, who rented the premises from the defendant after the deed in question was executed, testified that the defendant told him that he had redeemed the land from a mortgage, and was to keep the place until he got his money out of it, then he was to turn it back to the plaintiff. Blanton was a tenant on the place under the defendant, and cultivated the same during the years of 1919, 1920, 1921, 1922, and 1923, a period of five years, and he testified that he paid to the defendant an average rental of $125 per year, making the total amount of rents paid $625, which was more than sufficient to pay the amount of the mortgage indebtedness. The only witness to testify that the transaction between the plaintiff and the defendant was a bona fide sale of the premises, and not a mortgage, was the defendant himself, who testified that the consideration for the deed was $800.

The evidence produced by the plaintiff is

overwhelming, and convinces us that the deed in question was given as security for the amount paid by the defendant to satisfy the mortgage indebtedness then existing against the premises.

The defendant was a preacher; he had come back from Africa, where he had gone with the husband of the plaintiff, and had returned without him on account of said husband's death, and found the plaintiff not only grieved on account of the loss of her husband, but greatly in distress on account of the foreclosure of a mortgage on her home. It is reasonable to infer from the evidence, on account of these conditions and the relation of the parties, that the defendant, a preacher, entertained the kindly feeling and the impulse to render some assistance to his aunt, who was thus distressed, and this is borne out by the testimony of the witnesses when they testified that the defendant was to pay off the mortgage indebtedness and to keep the premises until he had been reimbursed, and that during the meantime the plaintiff was to continue to make her home on the premises, and after the rents had amounted to enough to pay back to the defendant the amount he had expended to redeem the premises, he was to return the same to the plaintiff. But as time passed by, and the grief and distress of the plaintiff were not so fresh in his memory, the defendant, although a preacher, yet human, permitted himself to be controlled and actuated by the motive of personal gain by claiming that the transaction was a sale and not a mortgage; thereby causing his aunt to lose her home—the very thing she sought to avert by executing the instrument in question.

The record shows that another deed was executed by the plaintiff to the defendant on February 21, 1919, but no consideration therefor was paid; the former deed acted as a consideration therefor, and the second deed was executed only for the purpose of enabling the defendant to procure a loan.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded, with directions to enter judgment for the plaintiff, decreeing the deeds of January 2, 1918, and February 21, 1919, to be equitable mortgages, and to cancel the same.

By the Court: It is so ordered.