## POLK v. LONG.

No. 18957.   Opinion Filed April 23, 1929.

Rehearing Denied Sept. 10, 1929.

Blanton, Osborn & Curtis, for plaintiff in error.

H. W. Broadbent, for defendant in error.

HERR, C.   This is an action originally brought in the district court of Murray county by Mollie A. Long against Henry J. Polk to cancel a certain instrument as a cloud upon the title and to quiet title to the east 70 feet of lots 1, 2 and 3 of block 175, in the city of Sulphur, Okla. There was judgment for plaintiff. Defendant appeals.

It is contended by defendant that the judgment is against the clear weight of the evidence.

This property, together with other property, was purchased by defendant sometime in the year 1920, from L. E. McCormack, the agreed purchase price having been $8,000. Defendant made no cash payment, but executed a note in the sum of $8,000 for the purchase price thereof, and to secure the same executed a mortgage on said premises. This note and mortgage were subsequently assigned by McCormack to plaintiff herein.

Prior to the purchase of this property from McCormack, defendant occupied the same under a lease contract and started to build a brick building thereon.   For this purpose Bourland and Beard advanced him $2,531.46.   The building was rented by defendant to said Bourland and Beard, who were to pay the sum of $25. per month as rental while the building was under construction, and $125 per month after it was completed, the rental payments to apply on the money advanced by them to defendant. It appears, however, that defendant was unable financially to complete the building, and the same remained uncompleted until sometime in the fall of 1922.

In the meantime, defendant defaulted on his interest payments on the $8,000 note held by plaintiff.   This note matured October 12, 1922.   Plaintiff resided in the state of California, and, a few days prior to the maturity of the note, came to Sulphur for the purpose of obtaining a settlement.   After a few days' negotiations between plaintiff and defendant, defendant executed to plaintiff a warranty deed to said premises and other vacant lots which were included in the mortgage held by plaintiff.   It is contended by defendant that this deed was intended as a mortgage, and on July 16, 1924, he filed of record the following notice:

"When I made deed to the east 70 of lots 1, 2, 3, block 175, in the city of Sulphur, Okla., together with other property, I had an agreement with Mrs. Long, that in case I was able to repay the amount of my mortgage with interest, that she was to deed the property back to me.   There has been considerable rent collected on the above-described property, also other property sold, which should be credited against my outstanding indebtedness to Mrs. Long.

"Signed this 15th day of July, 1924.   H. J. Polk.

"Acknowledged before C. P. Williams, N. P. Book 47, page 442."

Suit is brought to cancel this notice of record and to quiet title.   Defendant pleaded that the deed executed by him to plaintiff was intended as a mortgage, prayed for an accounting, and tendered payment of such sum as might be found due plaintiff on such accounting.

The testimony of defendant is that at the time the deed was executed, it was expressly agreed between the parties that plaintiff should advance the money necessary to complete the building then in process of construction on said lots; that plaintiff was to carry out the rental contract made between defendant and Bourland and

Beard, and apply the rent received from them on the indebtedness owed to them; that the vacant lots should be sold and the proceeds applied on defendant's note, and that after such sale and credit, and upon payment of the balance due, and upon reimbursement of plaintiff for all moneys advanced, plaintiff was to redeed the property to defendant.

Defendant further testified that a written agreement to this effect was drawn at the time the deed was executed, but that plaintiff did not execute the same for the reason that it was necessary for her to procure a loan on the premises to complete the building, and that such an instrument would cloud the title to such an extent that it would be impossible for her to procure the loan. In this connection, defendant testified that plaintiff stated that her word was her bond, and that she would do exactly as she said.

Plaintiff subsequently borrowed $2,500 from Earl Masters to complete the building, and executed a mortgage thereon to secure the same. Defendant testified that after this loan was consummated, he again presented the written contract embodying the agreement between them to plaintiff for her signature, but that she again refused to sign same giving as her reason that such an instrument would cloud the title to such an extent that the vacant lots could not be sold.

Defendant further testified that a portion of these vacant lots was subsequently sold; that he demanded an accounting and credit on his notes for the proceeds thereof, which was by plaintiff refused and denied, and that he then filed of record the notice in question.

Defendant further testified that, after this notice was filed of record, plaintiff again came to see him in regard to the matter and promised to render him an accounting and credit his note for the amount due him, but that instead of so doing she filed this suit; that he was in the Rio Grande Valley at said time and received notice of the suit by notice by publication.

Tom Freeman and Lon Polk were working in and about the building where negotiations were had between plaintiff and defendant; heard much of the conversations between them, and both corroborated defendant as to the agreement.

C. P. Williams, a real estate agent of Sulphur, testified that he drew the instrument in question; that thereafter he had a conversation with plaintiff in regard thereto; that plaintiff stated the instrument could have no other effect than to cloud the title to the premises; that all she wanted out of it was her money, and that she wanted defendant, Polk, to have what was coming to him over and above what was due her.

George White, also engaged in the real estate business, testified that plaintiff stated to him that it had cost her considerable money to take over the building; that all she wanted was her money out of it, and that Mr. Polk had gone down to the Rio Grande Valley to try to make the money to redeem the property.

It is established by the evidence that the note held by plaintiff was never returned to defendant, nor was the same tendered him until the filing of this suit.

If the agreement was as contended by defendant, the deed must be construed as a mortgage, and defendant is entitled to redeem it. Williams v. Purcell, 45 Okla. 489, 145 Pac. 1151; Haynes v. Gaines, 76 Okla. 268, 185 Pac. 74; Beindorf v. Thorpe, 90 Okla. 191, 203 Pac. 475.

We think the clear weight of the evidence supports the contention of defendant. It is true plaintiff denies the agreement, but we think the testimony is overwhelming against her. In our opinion, there can be no doubt but that the agreement contended for by defendant was reduced to writing at about the time the deed was executed, and that plaintiff refused to sign the same for the reason indicated by defendant.

Defendant also testified that counsel, who now represents plaintiff, drew this instrument, and this testimony is not denied. Plaintiff does testify that she never saw the instrument, yet it appears quite clear to us that there must have been some understanding that the property was to be redeeded to the defendant or this instrument would never have been drafted. The mere denial of plaintiff cannot prevail against all the other evidence in the case.

We think the view taken coincides with the original view entertained by the trial court. The record discloses that, at the close of the evidence, the trial court announced that, under the evidence, in his opinion, it was the intention of the parties that defendant should have the right to redeem at the time the deed was taken, and the following minute appears to have been entered by the clerk:

"Mollie A. Long v. H. J. Polk, No. 2863.

Judgment of the court that Mrs. Long be given judgment against this property as per journal entry. Defendant given 90 days to redeem property as per journal entry."

The order of the court, at said time, was that the defendant be permitted to redeem upon payment of the sum of $12,000. Counsel for defendant objected to this amount, and the court then took the case under advisement until June 7th, at which time judgment was rendered in favor of the plaintiff. At the time this judgment was rendered, referring to the previous order, the following colloquy took place between counsel for defendant and the court:

"Q. Did the court at that time intend to hold that the instrument was a defeasible instrument? A. In answer to that, if the defendant had not objected, that might have been the final judgment of the court."

So it appears from the record that the trial court changed its views because of defendant's objection to the amount required to redeem. In our opinion, the clear weight of the evidence sustains the view first announced by the trial court, and in holding otherwise, the court erred.

As to the accounting feature, we think the evidence establishes that at the time the case was closed, May 16, 1927, defendant was entitled to redeem upon assumption of the $2,500 Masters mortgage, and upon payment to plaintiff of the sum of $7,965.76. This, it is contended by defendant, will fully reimburse plaintiff for all indebtedness and for all sums expended, after giving defendant credit for rentals and proceeds arising from the sale of the vacant lots.

Plaintiff contends that the computation made by defendant does not take into account an item of $1,444 expended by her for completing the building. There is no testimony to support this item except the hearsay statement of the witness Masters, which was admitted over the objection of defendant. Plaintiff kept a complete and detailed account, and in her testimony does not claim this item. It is, therefore, quite certain that defendant's contention as to the account is not incorrect because of the omission thereof.

Plaintiff also contends that defendant should be compelled to pay her the sum of $2,500 borrowed by her from Masters before she be required to redeed the property. This contention is without merit. This amount is still a lien against the premises, and certainly defendant cannot be required to pay same to plaintiff without she first discharges the lien. This she has

not done. By assuming this mortgage, defendant discharges all liability to plaintiff as to the same. We think defendant's contention as to the accounting is correct.

Judgment should be reversed, and the cause remanded, with directions to enter judgment in favor of defendant canceling the deed, upon his assumption of the $2,500 Masters mortgage and payment to plaintiff of $7,965.76, subject to such credits as he may be entitled to subsequent to May 16, 1927.

BENNETT, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.