J. Kenneth BALLINGER, Individually, and as Trustee, et al., Plaintiffs in Error,

v.

S. K. SARKEYS et al., Defendants in Error.

No. 38831.

Supreme Court of Oklahoma.

March 14, 1961.

Garrett & Garrett, by Tom Garrett, Oklahoma City, for plaintiffs in error.

George Bingaman, Thomas G. Smith, Purcell, for defendants in error.

WELCH, Justice.

This action was filed by the plaintiffs against the defendants, seeking to quiet title and as an incident thereto cancel a sheriff's deed and court decree approving same, and oust the defendant S. J. Sarkeys from his title and possession to certain real property held by him by virtue of the sheriff's deed.

From the judgment denying cancellation and refusing to oust defendant Sarkeys from possession, the plaintiffs have appealed.

The sole error alleged by plaintiffs is that the judgment is contrary to the evidence and contrary to law.

To sustain the burden of proof the plaintiffs offered in evidence an alleged quitclaim deed from Thelma Leora McCoy, dated July 21, 1954, and the original transcript of proceedings in the county court of Cleveland County, in the estate of Olin Wood Kennedy, deceased. This transcript contained an authenticated copy of the foreign will, an order admitting copy of will to ancillary probate in Cleveland County, Oklahoma, and the issuance of letters to Thelma Leora McCoy, dated February 19, 1945. Thelma Leora McCoy, being a nonresident of the State, appointed her attorney of Norman, Oklahoma, as service agent.

These records further reveal that on June 15, 1948, the Oklahoma Tax Commission filed in the probate case a notice of taxes due, and claim of lien, and that on September 2, 1953, there was an order of probate court reciting that same was upon application of the executrix; finding that the application disclosed that the real estate involved herein, which comprised all of the assets of said estate in the State of Oklahoma, had been sold to satisfy estate taxes, and that the sale had been confirmed by the District Court of Cleveland County, Oklahoma, on July 20, 1953. The order further recited that after the satisfaction of the tax lien there was a balance of $741.92 in the hands of the clerk of the court ready for distribution, and ordered distribution of the money, a part of which was ordered paid to Thelma Leora McCoy. As further evidence the plaintiff offered the original papers in District Court Case No. 16,112, Oklahoma Tax Commission v. Estate of Olin Wood Kennedy, which consisted of a tax warrant and alias tax warrant, notice of sheriff's sale, sheriff's return of sale with publication notice attached thereto, motion to confirm sale and order confirming, and an order for disposal of the proceeds of said sale, showing this latter order was entered upon application of Thelma Leora McCoy, Executrix.

It was on this proof plaintiffs rested their case.

Plaintiffs, under their first proposition, contend that the sheriff's deed is void for the reason the tax warrant was issued without notice to Thelma Leora McCoy personally, or as Executrix, and therefore the property was sold without due process of law.

Many authorities are cited by plaintiffs in support of the well established rule of law that, no judgment of the court

is due process of law if rendered without jurisdiction in the court, or without notice to the party. We agree that this rule of law is generally accepted and followed by the courts. However, we are also committed to the rule that where the plaintiffs' action is brought for the purpose of cancelling instruments and quieting title, the burden of making out a case justifying the relief prayed for is upon the plaintiff; and where, in such case, judgment is rendered for the defendants, in the absence of judicial error, the judgment will not be disturbed on appeal, unless an examination of the record discloses that the judgment is against the weight of the evidence. Walden v. Potts, 97 Okl. 24, 222 P. 549, and Crawford v. Hemmingway, 116 Okl. 192, 244 P. 198.

The only evidence offered by plaintiff in support of this contention was the records of the court proceedings which reveal that on June 15, 1948, the Oklahoma Tax Commission filed in the probate case a notice of taxes due and claim of lien, and that all other notices were given as required by statute. However, the records did not reveal whether the Executrix had been given personal notice as required by Title 68, O.S. 1951 § 1476. This is the notice plaintiff contends should have been given, but was not.

From the records it is apparent that the Oklahoma Tax Commission proceeded to enforce its lien under the provisions of Title 68, Sec. 1477, which does not provide for any notice other than thirty (30) days notice by publication, which was given. However, we must observe that Section 1477 provides in part as follows:

"If any tax, imposed by state tax law, or any portion of said tax, be not paid before same becomes delinquent, the Tax Commission may immediately issue a warrant under its official seal, * * *"

It appears to us that it was the intent of the Legislature to authorize the Tax Commission to proceed under Section 1477, in event the tax had not been paid after imposed and the proper parties notified as provided for in the previous section of the Tax Code. We must presume this to have been done.

The general rule is that in the absence of evidence to the contrary, public officers will be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner, when regulations, decisions or orders of administrative officers are challenged in court, and the burden of proving otherwise is upon the party complaining. Ludwig v. Yancey, Okl., 318 P.2d 450. We do not know of any statute requiring records to reveal proof of personal service of notice in order to give court jurisdiction in proceedings of this nature.

The records do reveal that the Oklahoma Tax Commission filed in the probate case a notice of taxes due and claim of lien on June 15, 1948.

Although the records in evidence do not reveal that notice was actually served upon the executrix in person, or upon her service agent in person, they do reveal that at least sufficient knowledge was had by the service agent and attorney for the executrix so as to give her an adequate opportunity to be heard before a judicial tribunal or board of assessment. This fact is further verified by her appearance through her attorney at various stages of the proceedings without objection to said taxes or sale to satisfy the same, as revealed by the records in evidence.

In the case of In re Thomas' Estate, 192 Okl. 409, 136 P.2d 929, we held:

"In respect to taxation, the 'due process' provision of the Constitution is satisfied, if at some stage of the proceeding, either before or after assessment, the party assessed has notice thereof and an adequate opportunity to be heard either before a judicial tribunal or a board of assessment."

In our opinion the evidence of the plaintiffs is insufficient to show lack of due process herein.

Plaintiffs' title can be no stronger than that of Thelma Leora McCoy, his grantor, at the time she executed the quitclaim deed, which was July 21, 1954. At the time plaintiff, Ballinger, acquired this deed, the property had already been sold, sale confirmed, a sheriff's deed executed in favor of defendant and filed of record, the money paid for said deed distributed under order of the court upon petition of executrix through her attorney, and ancillary probate proceedings apparently abandoned. There is no proof of record that Thelma Leora McCoy ever was vested with any title to said property. The record clearly indicates that she was satisfied that the proceedings were valid and was content with the distribution of the estate, and after receiving her share of distribution did not bother to further proceed in the probate matter, but abandoned same, which apparently is still pending.

■ The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title, and unless the plaintiff has the title it is immaterial to him what the defendant claims. Clewell v. Cottle, 99 Okl. 84, 225 P. 946, and Cherry v. Weathers, 196 Okl. 265, 164 P.2d 615.

It was admitted that defendant Sarkeys entered into possession of the premises upon the issuance of the sheriff's deed, which was July 20, 1953. He apparently has paid the taxes on said property ever since said date. Plaintiff, Ballinger, had constructive knowledge of these facts at the time he acquired the quitclaim deed on July 21, 1954, from Thelma Leora McCoy, who at that time had no title or color of title to convey. Had the property not been previously sold by sheriff's sale, she could have conveyed nothing more than an equitable interest, since probate proceedings had not been completed. However, since the property had been conveyed by sheriff's deed, all the interest she had was a chose in action, therefore all defenses available to defendant Sarkeys as against her, are available against plaintiff Ballinger.

The record reveals that executrix accepted the proceeds of the sheriff's sale.

■■ A person who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the results from want of jurisdiction of the person or of the subject matter of the suit. 31 C.J.S. Estoppel § 110f, page 357; Burgess v. Nail, 10 Cir., Okl., 103 F.2d 37; Turner v. Kirkwood, 168 Okl. 80, 31 P.2d 935.

■ In the case of McDougal v. Rice, 79 Okl. 303, 193 P. 415, 416, we said:

"There is also practical unanimity among the authorities that a judgment of a court of general jurisdiction cannot be collaterally attacked, unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did. 15 Ruling Case Law, 354; Jones, Commentaries on Law of Evidence, Vol. 3, page 877; Sodini v. Sodini, 94 Minn. 301, 102 N.W. 861, 110 Am.St.Rep. 371; Kalb v. German Sav. Soc., 25 Wash. 349, 65 P. 559, 87 Am.St.Rep. 757; Burke v. Interstate Sav. Ass'n, 25 Mont. 315, 64 Pac. 879, 87 Am.St.Rep. 416; Gulickson v. Bodkin, 78 Minn. 33, 80 N.W. 783, 79 Am.St.Rep. 352; McDuffie v. Geiser Mfg. Co., et al., 41 Okl. 488, 138 P. 1029; Chivers v. Board of County Commissioners, 62 Okl. 2, 161 P. 822, L.R.A.1917B, 1296."

For the reasons above stated, we are of the opinion that the plaintiffs not only failed to establish their own title, but in their collateral attack failed to show the judgment of the district court confirming sale to be void.

Therefore judgment is affirmed.