**John R. EMERSON, Plaintiff in Error,**

v.

**Arthur B. YOUNGS, Dorothy Miles McDonald and John Doe Miles, her husband, the Heirs, Executors, Administrators, Devisees, Trustees and Assigns, immediate and remote of Margrete Ann Youngs, deceased, and the State of Oklahoma, ex rel. Oklahoma Tax Commission, Defendants in Error .**

**No. 39489.**

Supreme Court of Oklahoma.
March 20, 1962.

Primus C. Wade, Tulsa, for plaintiff in error.

Kavanaugh Bush, Tulsa, for defendants in error.

BERRY, Justice.

John R. Emerson, hereinafter called "plaintiff", filed his action to quiet title against Arthur B. Youngs, surviving husband of Margrete Ann Youngs, and Dorothy Miles McDonald, surviving daughter of Margrete Ann Youngs, hereinafter referred to as "defendants" or by name.

The unknown heirs of Margrete Ann Youngs and others were also made parties to the action. At the time the action was instituted, the defendants were in possession of the real property in controversy which is described as Lots 10 and 11, Block 4, in Gurley Hill Addition to the City of Tulsa, Oklahoma.

On August 14, 1957, the property was subject to a mortgage, hereinafter referred to as "old mortgage", given by Margrete Ann Youngs and her husband to a third person. The mortgage was then in default. On the mentioned date, defendants executed separate quit-claim deeds to the property in which plaintiff was named grantee. Plaintiff paid the balance ($197.13) due on the old mortgage and obtained an assignment thereof.

Plaintiff contends that it was intended that the deeds vest title to the property in him. Defendants contend that the deeds were intended as a mortgage. The trial court found in accordance with defendants' contention and ordered foreclosure of the mortgage. From said finding and order, plaintiff perfected this appeal.

The sole contention made by plaintiff is that the evidence is insufficient to support the finding of the trial court that the deeds were executed by defendants as a mortgage.

Margrete Ann Youngs died leaving the defendants in possession of the property. Her estate was not probated. Defendant Dorothy Miles McDonald testified that after the original mortgage became delinquent she went to an agent of the mortgagee who advised her to go to plaintiff and obtain a loan; that the amount owing on the original mortgage did not justify further consideration other than foreclosure. She thereupon went to the office of plaintiff taking a letter from the agent which was addressed to plaintiff. Plaintiff advised her that she and her stepfather, Arthur B. Youngs, would have to execute quit-claim deeds to the property because they were not the owners thereof. That this was done on the promise that when the obligation owing plaintiff had been paid in the manner and time to be suggested by him the property would be clear of all mortgage indebtedness.

Plaintiff testified that the deeds were executed in consideration of cancellation of the original indebtedness and a loan of $100.00 previously made to Dorothy Miles McDonald. Arthur B. Youngs is 90 years of age and according to the undisputed evidence wholly incapable of understanding any financial transaction. The evidence discloses that for several years all financial transactions have been conducted by Dorothy Miles McDonald.

The position of plaintiff is aptly explained by the following excerpts of his testimony:

"A. Well, the way those deeds were executed was that Miss—Miss Dorothy Miles came to me, told me that she had a spot on her lungs and that she would have to go back to Clinton; and she told me that her father, or stepfather, whatever he is, was going to the Old Soldiers' Home, and that she was—they were in the act of losing their property. They didn't want the property to go back to white folks, that's just the way she explained it. If I would—as to the part that she owed me and the part that the old man borrowed, if I would take up those notes, they would give me a Quit Claim Deed. She couldn't give me a Warranty Deed, because she was only interested party in the property, and he was in the property. I went to my attorney Franklin, and he suggested—

"Q. You may not tell what Mr. Franklin told you.

"A. Okay. As far—that's what led up to the transaction.

"Q. Was there any discussion that you were to deed the property back to them under any circumstances?

"A. None whatever.

"Q. You heard her testify here that you told her that you pay this Tulsa Federal off and that they could pay you back any way they wanted to. Did you have any such discussion as that?

"A. No such discussion as that. That was all made up testimony I heard her say.

"Q. Did you have any discussion of any system of paying you anything?

"A. None whatever. They gave me a Quit Claim Deed for their interest. That was strictly understood and the only method which any business man would do it by. She was selling the property direct, because she said she couldn't redeem it and it was going back to the white folks, and she just as soon me have it as anybody else, and her father was going to the old folks' home and she was going to Clinton."

46 O.S.1951 § 1, provides:

"Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such."

In discussing this section in Edmundson et al. v. State ex rel. Johnson, State Bank Commissioner, 181 Okl. 150, 73 P.2d 150, it is stated:

"This section of the law has many times received literal construction by this court. In Williams v. Purcell, 45 Okl. 489, 145 P. 1151, this court held: 'An instrument purporting to be an absolute conveyance of real estate, but intended to be defeasible or as a security for the payment of money, is deemed a mortgage, and must be recorded and foreclosed as such.'"

The evidence was held sufficient to show that a deed was given as a mortgage in the following cases: Polk v. Long, 138 Okl. 43, 280 P. 284; Coleman et al. v. Armstrong et al., 128 Okl. 87, 261 P. 228; Little v. Jackson, 123 Okl. 123, 251 P. 1026.

As of date of execution of the quit-claim deeds the old mortgage indebtedness had been reduced from a substantial amount to

$197.13, the exact amount paid by plaintiff to the mortgagee at the time of the assignment. This mortgage has never been cancelled or released. Plaintiff paid none of the ad valorem taxes that were assessed against the property during the time he allegedly owned it. In Jones et al. v. Novotny, Okl., 352 P.2d 905, it is stated:

"In a case of equitable cognizance the judgment of the trial court carries with it a finding of all facts necessary to support it, which could have been found from the evidence, and the judgment will not be set aside unless clearly against the weight of the evidence."

In Walden et al. v. Potts et al., 97 Okl. 24, 222 P. 549, it is stated:

"Where the plaintiff's action is brought for the purpose of canceling instruments and quieting title, the burden of making out a case justifying the relief prayed for is upon the plaintiff; and where, in such case, judgment is rendered for the defendants, in the absence of prejudicial error the judgment will not be disturbed on appeal, unless an examination of the record discloses that the judgment is against the weight of the evidence."

The evidence discloses that the property is rented for approximately $107.00 per month and in addition, furnishes the defendants a home. The assessed value of the property was shown to be in excess of $4,000.00.

In Atteberry et al. v. Aulick et al., 204 Okl. 540, 231 P.2d 993, it is stated:

"In an equitable action, the presumption is in favor of the correctness of the judgment of the trial court, and such judgment will not be set aside unless against the clear weight of the evidence."

See also Powell v. Moore, 204 Okl. 505, 231 P.2d 695; and Hamel et al. v. Toronto Inv. Co. et al., 202 Okl. 553, 216 P.2d 319.

The trial court did not err in holding that the deeds executed by the defendants were given as security for the debt owed to the plaintiff.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.